COVELL *v.* COLBURN.

1. DEATH—PAIN AND SUFFERING—EVIDENCE—UNCONSCIOUSNESS.

In action under death act as amended, evidence failed to present a basis for finding of damages because of pain and suffering where minor pedestrian was unconscious from time of receiving injuries when defendants' cars collided until her death some 33 hours later (3 Comp. Laws 1929, §§ 14061, 14062, as amended by Act No. 297, Pub. Acts 1939).

2. SAME—DAMAGES—LOSS OF EARNINGS.

Testimony was sufficient to justify jury in finding that had decedent minor, 15 years and 4 months of age at time of death, completed a high school education and taken training to become a nurse that she would not have been able to earn more than that required to support herself until she became 21 years of age, hence verdict in action under death act as amended which allowed only $53.53 for loss of earnings was not inadequate.

3. APPEAL AND ERROR—DAMAGES—SUPREME COURT—EVIDENCE.

The Supreme Court may not interfere in the assessment of damages by a jury where the amount of the verdict is supported by the evidence.

4. DAMAGES—EVIDENCE.

Recovery in an action for damages is limited to such damages as are proven.

5. EVIDENCE—INFANTS—EXPECTANCY—MORTALITY TABLES.

Exclusion of mortality tables in action for death of minor over 15 years and 4 months old did not constitute error where child was unconscious until death ensued and it was conceded the tables would show her expectancy extended to 21 years of age.

6. DAMAGES—DEATH OF INFANT—CONTRIBUTIONS TO PARENT AFTER MAJORITY.

Parents of girl who was killed when 15 years and 4 months of age may not recover under death act as amended for any possible earnings she might have contributed to her parents after reaching the age of 21 years (3 Comp. Laws 1929, §§ 14061, 14062, as amended by Act No. 297, Pub. Acts 1939).

7. TRIAL—INSTRUCTIONS—REPETITION.

Repetition of some statements in court's charge to jury did not constitute error where charge of court was a fair one.

8. SAME—COMMENT OF COURT.

In action under death act as amended for death of girl 15 years and 4 months of age where child's grandmother testified she could not tell the exact cost of support and maintenance of a girl in these times since times have changed, trial court's unnecessary remark that "they have not changed for better as far as living prices are concerned" was not error where the grandmother answered "I mean everything is higher than it was" (3 Comp. Laws 1929, §§ 14061, 14062, as amended by Act No. 297, Pub. Acts 1939).

9. SAME—TENDER—DAMAGES.

Fact that defendants' counsel at the close of plaintiff's case and in the absence of the jury in action under death act as amended tendered the aggregate of expenses for doctor, hospital, nurses and funeral expenses for decedent minor and costs of suit, an amount that was $1.17 more than the $650 verdict, which tender was refused, *held,* not to have affected the verdict since it had no evidentiary value to prove what the future earnings over costs of education and support would have amounted to (3 Comp. Laws 1929, §§ 14061, 14062, as amended by Act No. 297, Pub. Acts 1939).

Appeal from Muskegon; Sanford (Joseph F.), J. Submitted January 6, 1944. (Docket No. 51, Calendar No. 42,437.) Decided February 24, 1944.

Case by Leon R. Covell, administrator of the estate of Jacqueline Johnson, deceased, against Lowell E. Colburn and others under the death act as amended. Verdict and judgment for plaintiff. Plaintiff appeals. Affirmed.

*Alexis J. Rogoski,* for plaintiff.

*Harold H. Smedley,* for defendants Colburn.

*Lou L. Landman,* for defendants Bryant.

BUTZEL, J.    Plaintiff's decedent, Jacqueline John-
son, an attractive and talented young girl, was
slightly over 15 years and four months of age on
May 16, 1941, when she met with a fatal accident
while standing on or walking along the shoulder of
trunk line highway M-16 in Muskegon county, Michi-
gan.   A Ford car owned by defendant Lowell E.
Colburn and operated by his brother Russell col-
lided with a Chevrolet car owned by defendant
Virgil Bryant and driven by his son Francis.   All
of them are joined as defendants.   As a result of
the collision, the Colburn car left the paved portion
of the highway and struck plaintiff's decedent.   De-
fendants in their answers deny that they were guilty
of negligence and that plaintiff's decedent was free
from contributory negligence.   The jury rendered
a verdict in favor of plaintiff for $650.   Plaintiff's
chief claim of error is that the verdict was grossly
inadequate and contrary to the great and over-
whelming weight of the evidence and contrary to
the instructions of the court.

The record discloses that plaintiff's decedent suf-
fered no pain.   The doctor who attended her and
who was called as a witness by plaintiff stated that
decedent suffered a cerebral concussion which im-
mediately rendered her unconscious of pain; that
she did not recover consciousness prior to her death
33 hours later.   The ambulance driver, who reached
the scene of the accident shortly after its occurrence,
found her unconscious.   Although the mother of the
girl testified that she thought that at the hospital
she heard the child once say, "mama," immediately
on objection the court ruled that the testimony must
be limited to what the witness knew.   The mother
then stated that she was making a noise with her

feet on the floor at the time and for that reason was not sure. The doctor upon cross-examination stated that even though the child might have spoken a word and moaned and groaned several hours prior to death, it was all due to reflexes and did not indicate consciousness. He said that the child could not have had any pain from the time of her injuries up to the time of her death. From the testimony there was no basis for a finding of damages because of pain and suffering, and the judge was correct in so stating.

Appellant contends that the girl's earning capacity would have increased with the years and that the jury should have awarded a substantial amount of damages for the difference between the cost of her support and what she would have earned up to the time she would have reached her majority. The testimony showed that decedent had graduated from the primary schools the day she was injured. The decedent's father stated that his daughter was planning to go to high school and, subsequently, to take up nursing. She had anticipated going into training and becoming a nurse in order to operate a nursery where people could leave their children while they worked. Two professional nurses were called as witnesses and stated that it would require three years of study after graduating from high school to become a graduate nurse and that there would be no income from the profession until after graduation. Appellant claims that the testimony did not positively show that decedent expected to study to be a professional medical nurse and that it merely showed that she expected to take training to become a children's nurse. The father did speak about nursing and the training. No testimony was offered to show that it took less or more training to become so proficient as to be able to run a day

nursery. We believe that the testimony fully justified the jury in finding that had decedent attended high school four years and subsequently taken the training to become a nurse even for the operating of a day nursery, she would not have been able to earn more than she required to support herself until she became 21 years of age.

The medical, hospital, nursing and burial expenses amounted to $596.47. This left only $53.53 of the amount of the verdict as compensation for loss on earnings, provided, of course, the jury found defendants to have been negligent and decedent free from contributory negligence. It frequently is impossible to determine how juries arrive at their conclusions in determining the amount of damages. If, however, such amount is supported by the evidence, we may not interfere.

In *Snyder* v. *Railway Co.*, 131 Mich. 418, a verdict of $250 was awarded for damages on account of the death of a boy between 11 and 12 years old. There was a showing that at the age of 15 he could have earned $15 a week. We held the verdict not inadequate.

We declined to disturb verdicts of $71 in *Sceba* v. *Manistee Railway Co.*, 189 Mich. 308 (L. R. A. 1918 C, 1090), and of $300 in *Gile* v. *Hudnutt*, 279 Mich. 358. The amount of the verdict was a question upon which different persons might and probably would disagree. Measuring the value of the life of a child in terms of dollars and cents is abhorrent and a jury ordinarily would be prone to place it at a very large amount if the evidence warranted it. Nevertheless the rule of law is that the recovery must be limited to such damages as are proven. The child's future earnings and whether she would live to be 21 were problematical. The amount of the verdict in the instant case is justified by the testimony.

Error is claimed because the court refused to permit the introduction of the mortality tables. As defendants conceded that the tables would show her expectancy extended to 21 years of age, the court was not in error in excluding the tables.

Error is claimed because the court charged the plaintiff could not recover for any possible earnings that the girl might contribute to her parents after reaching the age of 21. Such is the law of Michigan. The rule was again reiterated in *Morris* v. *Radley,* 306 Mich. 689, in which we construed the present death act, 3 Comp. Laws 1929, §§ 14061, 14062, as amended by Act No. 297, Pub. Acts 1939 (Comp. Laws Supp. 1940, §§ 14061, 14062, Stat. Ann. 1943 Cum. Supp. §§ 27.711; 27.712).

We have carefully examined the charge of the court and find it was fair and there was no error in it even though the judge repeated some statements. The grandmother of the child testified that she could not tell the exact cost of support and maintenance of a girl in these times, since times have changed, whereupon the trial judge made the statement, "they have not changed for better as far as living prices are concerned;" and she answered, "I mean everything is higher than it was." The statement, while unnecessary, did not constitute reversible error.

During the course of the trial, after plaintiff had rested, the attorney for the defendants, in the absence of the jury, offered to pay $651.17, an amount, according to a subsequent affidavit made by one of the attorneys, consisting of the aggregate expenses for the doctor, hospital, nurses and funeral expenses and $54.70 costs. One of the attorneys for defendants asserted at the time that there could be no question about the possible future earnings, and the amount tendered merely covered the damages. The court wanted to know whether it was an offer of

settlement by defendants, and the attorney for plaintiff asked whether it was made as a confession of liability, to all of which a negative reply was made. The plaintiff refused the tender. The fact that the tender was $1.17 more than the amount of the verdict in no way affects the verdict. Inasmuch as the tender was refused, it had no evidentiary value to prove what the future earnings over and above the costs of the education and support of the girl would have amounted to.

Judgment affirmed, with costs.

NORTH, C. J., and STARR, WIEST, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.