### JOSEPH N. SMITH & CO. v. DICKINSON.

1. APPEAL AND ERROR—INSTRUCTION—HARMLESS ERROR.

Error, if any, in an instruction that defendants' general manager had authority to ratify contracts, was not prejudicial, where there was testimony that the contracts in question, were ratified by one of the defendants, who did have authority.

2. TRIAL—COMPROMISE VERDICT.

The mere fact that the verdict was for a less amount than the plaintiff was entitled to under the evidence does not show that it was reached by compromise.

3. APPEAL AND ERROR—PRESUMPTION IS IN FAVOR OF VALIDITY OF VERDICT.

The presumption is in favor of the validity of the verdict, and if it can be accounted for on the theory that it represents the honest judgment of the jury, it should not be held to be a compromise.

4. SAME—DEFENDANTS, IF LIABLE, MAY NOT COMPLAIN THAT VERDICT
IS LESS THAN PLAINTIFF ENTITLED TO.

> If defendants are liable for damages in any amount, they have
> no reason to complain of a verdict that gave plaintiff less
> than it was entitled to.

Error to Kent; Brown (William B.), J. Submitted January 30, 1929. (Docket No. 70, Calendar No. 34,131.) Decided June 3, 1929.

Assumpsit by Joseph N. Smith & Company, a Michigan corporation, against Albert G. Dickinson and others, doing business under the assumed name of American Metal Weather Strip Company, for construction materials furnished. From a judgment for plaintiff, defendants bring error. Affirmed.

*Knappen, Uhl & Bryant,* for plaintiff.

*Travis, Merrick, Johnson & Judd,* for defendants.

McDONALD, J. This action was brought to recover the purchase price of certain materials furnished by the plaintiff and used in the construction of the Barlum hotel in the city of Detroit and in the St. Joseph Academy-Infirmary building in the city of Adrian, Michigan.

The plaintiff is engaged in the manufacture of metallic parts for automobiles in the city of Detroit. The defendants' place of business is in the city of Grand Rapids. They are engaged in manufacturing and installing metal weather strips for windows and doors. Samuel A. Wight and Edward H. McFarland owned a patented device known as the drop sash window. They did business in Detroit under the name of The Dropsash Weatherstrip Company. A Mr. Struble, who resided in the city of Detroit, was one of the defendants' sales agents. He also represented the Dropsash Weatherstrip Company in

a like capacity. This double agency was known to both principals. From the contractors who had charge of the construction of the Barlum hotel and the St. Joseph Academy-Infirmary, he secured contracts for furnishing and installing drop sash windows. The Dropsash Weatherstrip Company was not financially satisfactory to the contractors, and in order to secure the contracts it was necessary for him to take them in the name of the defendant the American Metal Weather Strip Company. By this contract the defendant company was able to install the drop sash window and also to furnish some of the weather strips which it manufactured. The plaintiff agreed to manufacture and furnish material for the drop sash window equipment which the defendant was to install. Its agreement was made with Mr. Struble in the name of the defendant, as evidenced by the following letter:

"Messrs. Jos. N. SMITH & CO.,
"5914 Federal Street,
"Detroit, Michigan.

"Gentlemen:
We hereby request that you prepare the necessary dies and/or rolls and other materials requisite to the completion of the equipment of the Barlum Hotel windows, as described in the accepted proposal signed by the F. Korneffel Company, carpenter contractors for the job.

"Messrs. McFarland and Wight will provide you with the necessary blueprints and other data, to enable you to carry out this request.

"This contract having been taken in the name of the American Metal Weather Strip Company, we will see that the payment for the above is cared for from the proceeds from said contract.

"Respectfully yours,
"AMERICAN METAL WEATHER STRIP COMPANY.
"By UZAL H. STRUBLE."

A similar letter was delivered relative to the materials to be furnished for the Adrian building. It is conceded that Mr. Struble had no authority from the defendant company to make these contracts. The plaintiff bases its suit on a subsequent ratification which the defendants deny.

This question of ratification was the principal fact in issue. The jury determined it in favor of the plaintiff, and returned a verdict for $2,762.36. The defendant moved for a judgment *non obstante veredicto* and for a new trial. Both motions were denied and judgment was entered on the verdict. The defendants have brought error.

The record presents the following questions:

1. It is argued that the court erred in instructing the jury as a matter of law that Mr. Mackley, the general manager of the defendants' business, had authority to ratify the unauthorized contracts made by their agent. It was the claim of the plaintiff that in May, 1926, after these contracts were made, Mr. Selden, its president, took them to Grand Rapids and showed them to Mr. Mackley, who said that he understood the situation and that the contracts were all right. It is also claimed that he later had the same assurance from Mr. Dickinson. Because of the conceded facts as to Mr. Mackley's position in the defendants' business, we think the court made no error in instructing the jury as to the apparent scope of his authority. However, it is not necessary to discuss that question, for the plaintiff claims and gave evidence that Mr. Dickinson, one of the defendants, also ratified the contracts. In view of this fact, any error that the court may have committed pertaining to Mackley's authority could have had no prejudicial effect upon defendants' rights. If the testimony in regard to ratification by Mackley were

entirely eliminated, there would remain sufficient evidence from which the jury could find a ratification by one who did have authority.

2.   The second question urged as a ground for reversal of the judgment is that the verdict was a compromise.

There was evidence to support the verdict. The mere fact that it was for a less amount than the plaintiff was entitled to under the evidence does not show that it was reached by compromise. There may be no facts in evidence which would justify the jury in making any deductions from the amount claimed by the plaintiff; yet, if they did so as an "honest expression of their judgment, the result was not a compromise." *Stretch* v. *Stretch,* 191 Mich. 416; *Benedict* v. *Michigan Beef & Provision Co.,* 115 Mich. 527.

The presumption is in favor of the validity of the verdict. If it can be accounted for on the theory that it represents the honest judgment of the jury, it should not be held to be a compromise. In disposing of this question on the denial of a motion for a new trial, the circuit judge said:

"The jury may have concluded that the estimated price was less than the price as invoiced or that a reduction should be made on account of alleged defective materials, or the jury may have concluded on account of defendants' testimony that certain invoices were not received, that therefore some of the materials were not delivered."

This statement from the trial court is a sufficient answer to the defendants' contention that the verdict was a compromise.

3.   It is further contended by the defendants that there was no evidence as to the reasonable value of the materials furnished by the plaintiff.

There is evidence that the material furnished was worth ten cents a foot, and we presume the number of feet is shown by the invoices which are not in the record. The evidence as to value is slight, but we think it sufficient, in view of the fact that the value as shown was not questioned by the defendants. Their position throughout the trial was that there was no liability because the contracts were unauthorized. In their brief they say:

"The defendants did not deny that the goods were delivered or that the invoices were mailed as testified by the plaintiff, and there was no evidence presented to the jury which could in any way question the plaintiff's contention that the materials represented by the invoices, totaling $3,755.43, had been delivered. The defendants merely deny any liability whatever for materials manufactured or delivered upon either or both of these jobs."

They further say that,

"Under the undisputed evidence as to delivery and the value of the materials, the only verdict which the jury could have rendered in favor of the plaintiff would have been one for $3,755.43 with interest from the date of the furnishing of the materials."

If the defendants are liable for damages in any amount, they have no reason to complain of a verdict that gave the plaintiff $1,000 less than it was entitled to.

The judgment is affirmed. The plaintiff will have costs.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred.