## HES *v.* HAVILAND PRODUCTS COMPANY.

1. APPEAL AND ERROR—MASTER AND SERVANT—DIRECTED VERDICT—EVIDENCE.

Directed verdict for 1 of 2 defendants in action for sales commissions, thereby resolving question as to which of the 2 defendants had actually employed plaintiff *held*, proper, where receiving of evidence in light most favorable to plaintiff would not permit reasonable men to conclude plaintiff was an employee of such eliminated defendant.

2. EVIDENCE—ADMISSIONS—FURTHER PROOF—DISCRETION OF COURT.

A trial court, in its discretion, may refuse to admit further proof of facts which have been admitted by the opposite party if such proof would be superfluous, cumbersome, or would tend to confuse the jury.

3. WITNESSES—ACCURACY—CREDIBILITY—LATITUDE OF EXAMINATION—DISCRETION OF COURT.

The latitude of examination to be allowed to ascertain the accuracy or credibility of a witness is largely within the discretion of the trial court and, unless abused, is not the subject of review.

REFERENCES FOR POINTS IN HEADNOTES
[1] 35 Am Jur, Master and Servant § 81.
  20 Am Jur, Evidence §§ 1177, 1248.
  5 Am Jur 2d, Appeal and Error § 632.
[2] 20 Am Jur, Evidence §§ 245, 246, 253, 552.
[3] 58 Am Jur, Witnesses §§ 554, 555.
[4] 20 Am Jur, Evidence §§ 268, 386, 910, 911.
[5] 20 Am Jur 2d, Costs § 52.
  20 Am Jur, Evidence § 542.
[6] 5 Am Jur 2d, Appeal and Error § 545.
[7, 8] 20 Am Jur, Evidence, § 386.
[9] 20 Am Jur, Evidence §§ 386, 909, 912, 942, 1041, **1087.**
[10] 30A Am Jur, Judgments, § 292.
[11] 30A Am Jur, Judgments §§ 292, 297, 300.
[12] 53 Am Jur, Trial §§ 1004, 1005.
[13] 53 Am Jur, Trial §§ 332, 333.

4. Evidence — Admissions — Commissions — Exclusions — Discretion of Court — Impeachment.

Exclusion of schedules and sales orders presented by plaintiff at trial of action for commissions as salesman after defendant at the trial admitted, for purposes of the trial and to expedite it, all of the sales claimed by plaintiff *held*, not an abuse of discretion, where it would have brought to the jury's attention voluminous, picayunish, and almost irrelevant details, and plaintiff was not unduly limited in his use of interrogatories and admissions for impeachment purposes.

5. Same—Requests for Admissions—Costs of Preparation.

Defendant's qualified admission of amount of sales made for commissions, on which he brought action, *held*, to constitute proof of matters denied in plaintiff's pretrial requests for admissions so as to entitle plaintiff to recover his costs of preparing to disprove certain of defendant's denials of requests for admissions (GCR 1963, 313.3).

6. Appeal and Error—Saving Question for Review—Admissibility of Evidence—Separate Record—Summary.

Issue of admissibility of plaintiff's testimony as to what was reasonable compensation for his services as salesman for defendant's equipment *held*, to have been preserved notwithstanding plaintiff, following 2 denials of admission of such testimony, had not requested nor made a separate record, where plaintiff's attorney summarized what he had expected to show by the witness.

7. Master and Servant—Oral Contract—Commissions on Sales—Evidence of Value.

Testimony as to value of services of employee may be shown as bearing upon the probabilities of the truthfulness of the parties in employee's action to recover sales commissions under oral contract, where amount to be paid the employee is in dispute.

8. Evidence — Exclusion — Substantial Justice — Value of Services.

Exclusion of testimony by plaintiff as to value of his services, proffered in his action to recover sales commissions under oral contract of employment *held*, not reversible error, where Court of Appeals cannot say that such exclusion was inconsistent with substantial justice (GCR 1963, 529.1).

9. Same—Chart—Original Records—Discretion of Court.

Admission of chart showing total sales involved in action by employee for sales commissions *held,* within discretion of trial judge, where counsel was given an opportunity to compare the chart with original records.

10. Judgment—Judgment Notwithstanding Verdict—Evidence.

Judgment notwithstanding the verdict is proper only when the evidence is so insufficient that the movant would have been entitled to a directed verdict and the findings of the jury should have no effect on the motion.

11. Appeal and Error—Judgment Notwithstanding Verdict—Evidence.

Entry of a judgment for defendant notwithstanding verdict for plaintiff for a part of his claim for commissions on sales of defendant's equipment *held,* reversible error, where there was conflicting evidence requiring submission of the issue of sum due plaintiff and sufficient evidence to support jury's verdict.

12. Trial—General Verdict.

A jury may accept or reject portions of the conflicting claims of the disputing parties, a general verdict premised partially upon the evidence of both parties being valid.

13. Principal and Agent—Discharge—Authority—Claim of Lien for Commissions.

Directed verdict for defendant on counterclaim for amount of check and interest, which came into plaintiff's hands after he had been discharged as salesman *held,* proper, since at the time plaintiff came into such possession he had no authority to take and retain such check as he was no longer defendant's agent with a right to claim a lien on property of his principal for commissions due.

Appeal from Kent; Vander Wal (John H.), J. Submitted Division 3 October 6, 1966, at Grand Rapids. (Docket No. 1,440.) Decided February 28, 1967.

Complaint by Peter Hes against Haviland Products Company, a Michigan corporation, and Wheaton Chemical Company, a Michigan corporation,

for amounts alleged to be due as commissions on sales made for defendants by plaintiff. Directed verdict of no cause of action in favor of defendant Haviland, and verdict and judgment in favor of Hes against defendant Wheaton. Thereafter, motion for judgment notwithstanding the verdict granted in favor of defendant Wheaton. Plaintiff appeals. Reversed as to granting of motion for judgment notwithstanding the verdict, and remanded for entry of judgment on verdict, and taxation of costs.

Smith & Haughey (Sherman H. Cone, of counsel), for plaintiff.

Varnum, Riddering, Wierengo & Christenson, for defendants.

Burns, P. J. Plaintiff filed suit against defendant, Haviland Products Company and its affiliate company, Wheaton Chemical Company, to recover sums allegedly due to him pursuant to an oral contract of employment.

It is not disputed that some kind of oral contract was made, but the question arose as to which of the defendants actually employed the plaintiff. The trial court resolved this issue by granting a directed verdict of no cause of action in favor of Haviland Products Company. Plaintiff claims this was error. However, plaintiff himself clearly testified that he worked for and understood that he was an employee of Wheaton Chemical Company and not Haviland Products. In viewing the evidence in a light most favorable to plaintiff we agree with the trial judge that reasonable men could not conclude that plaintiff was an employee of Haviland Products Company, and therefore the directed verdict which elimi-

nated Haviland Products Company as a party was proper. Consequently, the words, "employer" or "defendant" hereinafter used refer to Wheaton Chemical Company.

In his pleadings and at the trial plaintiff claimed that he was hired on a commission basis. He was to receive 10% of the gross sales price of all equipment sold by him, with a base salary or draw of $7,500 per year, plus an automobile and expense allowance.

After working for the defendant for approximately 1 month he was promoted to sales manager and given the additional responsibilities of managing the sales office and supervising the salesmen. Plaintiff claims the defendant promised him an override commission of 3% on all equipment sold by other Wheaton salesmen.

As the year progressed it was discovered that many customers had used equipment to trade in on the new product. The defendant authorized the plaintiff to take in the used equipment as a trade-in and to dispose of said equipment. For this second added responsibility the plaintiff was to receive 1/3 of the gross profit on the used equipment.

The defendant claimed the plaintiff was hired on a straight salary of $7,500 per annum, plus an automobile and expense account.

In preparing to prove his damages plaintiff had submitted to the defendant written interrogatories and requests for admissions regarding plaintiff's sales. Many of the requests for admissions were denied. During the trial plaintiff offered copies of the sales orders on which the commissions were based or schedules of sales which in column form compared the sales, as tabulated by the plaintiff, with the sales figures set forth in defendant's version of the amount of the total sales.

To expedite the trial of the cause, defendant admitted, for the purposes of the trial, all of the sales claimed by plaintiff. Over plaintiff's objections the trial court held that evidence of the sales was no longer a necessary matter of proof and excluded plaintiff's schedules and copies of sales orders. The action of the trial court was correct. A trial court in its discretion may refuse to admit further proof of facts which have been admitted by the opposite party if such proof would be superfluous, cumbersome, or would tend to confuse the jury. 9 Wigmore on Evidence (3d ed), § 2591, p 589; *Covell* v. *Colburn* (1944), 308 Mich 240.

The danger of such exclusion is that the admission may have the effect of robbing the sales orders of their fair and legitimate weight, which in this case would allegedly be to test the credibility of the defendant's own answers to interrogatories and requests for admissions. Assuming the veracity of defendant's interrogatories and admissions might be effectively questioned by plaintiff in his case in chief, and that the interrogatories and admissions can be used to test the credibility of the president of the defendant corporation, even though persons other than the president prepared and signed the pretrial inquiries, we find no error. When the object of testimony is to ascertain the accuracy or credibility of a witness, the latitude of examination to be allowed is largely within the discretion of the trial court and, unless abused, is not the subject of review. *Malicke* v. *Milan* (1948), 320 Mich 65; *King* v. *Daly* (1965), 2 Mich App 120. In light of the voluminous, picayunish and almost irrelevant details which would have been brought to the jury's attention, we find no abuse of discretion.

The judge's exercise of discretion did not unduly limit plaintiff's use of the interrogatories and ad-

mission for impeachment purposes because plaintiff was permitted in his closing argument to critically point out the discrepancies between the interrogatories, admissions and the amount which was agreed upon to guide the jury in fixing damages.

There is one more problem related to the exclusion of plaintiff's evidence regarding the amount of sales. GCR 1963, 313.3 provides:

"If a party, after being served with a request under Rule 312 to admit the genuineness of any documents or the truth of any matters of fact, serves a sworn denial thereof and if the party requesting the admissions thereafter proves the genuineness of any such document or the truth of any such matters of fact, he may apply to the court for an order requiring the other party to pay him the reasonable expenses in making such proof, including reasonable attorney's fees. Unless the court finds that there were good reasons for the denial or that the admissions sought were of no substantial importance, the order shall be made."

Pursuant to this rule plaintiff sought the costs incurred in preparing to disprove certain of defendant's denials of the requests for admissions. It is defendant's position that plaintiff never proved "the genuineness of any document or the truth of any such matters of fact" denied by defendant. Plaintiff's attorney compiled information which contained the figures ultimately admitted to be "for purposes of this suit," the amounts upon which the damages could be computed by the jury. In our opinion defendant's qualified admission constituted proof of matters denied in the requests for admissions, and as "truth of any such matters of fact" the plaintiff is entitled to recover his costs "for purposes of this suit."

Other evidentiary issues arose during the course of the trial. Counsel for plaintiff on 2 different

occasions asked plaintiff if he was familiar with
the reasonable compensation usually paid for his
type of services. Defendant objected and the judge
sustained the objection. Defendant contends that
inasmuch as plaintiff neither requested nor made a
separate record, plaintiff is barred from raising the
question on appeal, and cites as authority GCR
1963, 604 and *Bujalski* v. *Metzler Motor Sales Company* (1958), 353 Mich 493.

A "separate record" does not have to embody actual testimony unless the trial judge so requests.
An attorney's summarization of what a witness
would have said had he been permitted to testify
will sufficiently preserve the issue for appeal under
GCR 1963, 604. Shortly after the trial judge sustained defendant's first objection the plaintiff's attorney said:

"I would like to show on this matter had Mr. Hes
been allowed to answer that question he would have
claimed the compensation, he believes is reasonably
in line with what he received throughout the industry, in line at least of what he is paid now."

We hold this evidentiary issue is properly before
us.

The cases cited[1] by defendant in support of excluding plaintiff's evidence pertained to the admission of evidence which was designed to prove recovery on *quantum meruit*. It is clear that no such
theory was intended or suggested by plaintiff's offer
of proof. Where the amount to be paid an employee
is in dispute, testimony as to value may be shown
as bearing upon the probabilities of the truthfulness
of the parties. *Richardson* v. *McGoldrick* (1880), 43
Mich 476; *Misner* v. *Darling* (1880), 44 Mich 438.

---

[1] *Geistert* v. *Scheffler* (1946), 316 Mich 325 and *Millar* v. *Macey Co.*
(1934), 269 Mich 265.

We cannot say, however, that the trial court's action was "inconsistent with substantial justice." GCR 1963, 529.1. The exclusion of evidence in this instance is not reversible error.

The trial court overruled plaintiff's objection to the introduction of a chart showing defendant's total sales, which contradicted plaintiff's testimony that the company had prospered under his direction. The ground for the objection was that defendant should not have been allowed to introduce a summary of statistics without the production of the original records to substantiate its verity. The records from which the chart was made were available, and the court indicated that it would adjourn early in order to give counsel an opportunity to compare the chart with the original records. Under these circumstances the admission of the chart was well within the judge's discretion.

At the conclusion of the trial the court instructed the jury:

(1) that if plaintiff had a contract for 10% commission on new equipment, he was entitled to $14,907.18 on the 10% contract, and

(2) that if plaintiff had a contract for 3% commission on others' sales, he was entitled to $25,016.99 on the 3% contract, and

(3) that if plaintiff had a contract for 33-1/3% commission on used equipment, he was entitled to $4,597.31 on the 33-1/3% contract.

The jury was instructed that it could find any combination of the above, but that it must deduct from such finding the amount of compensation, $18,459.75, which plaintiff had already received.

After considerable deliberation and after requesting supplemental instructions, the jury returned a general verdict of $4,619.21 in favor of the plaintiff.

Subsequently the jury was questioned through its foreman who reported that the jury found no cause of action on the 10% commission contract, no cause of action on the 3% override commission contract, but found there was a valid agreement for the 33-1/3% commission on the sales of used equipment. The foreman further indicated the jury had deducted certain payments received by the plaintiff as commission on the sales of used equipment from the $4,597.31 figure which was given to it in the instructions, and then added expense and interest items. The trial judge then stated, "You are right on the figures," and dismissed the jury.

Judgment on the verdict was entered on October 20, 1965. On November 5, 1965, the defendant Wheaton noticed a motion under GCR 1963, 515.2, in which the defendant moved the trial court to set aside the jury's verdict and enter judgment notwithstanding the verdict of no cause of action in favor of defendant. In support of his motion, defendant claimed that the verdict was not in accord with either party's theory of the case and, since the jury should have deducted the $18,459.75 as draw against whatever commission they found owing, the jury's verdict should have been no cause of action on the 33-1/3% contract as well.

Judgment notwithstanding the verdict was entered in favor of the defendant from which the plaintiff appeals. The appeal must be sustained and the jury's verdict reinstated.

The judgment notwithstanding the verdict was improper in this case. GCR 1963, 515.2 as amended October 1, 1963,[2] provides:

"Motion for Judgment Notwithstanding the Verdict. Whenever a motion for a directed verdict made at the close of all the evidence is denied or for

2 See 371 Mich xxiii.—REPORTER.

any reason is not granted, the moving party may move not later than 20 days after the entry of judgment to have the verdict and any judgment entered thereon set aside and *to have judgment entered in accordance with his motion for a directed verdict;* or if a verdict was not returned, such party, within 20 days after the jury has been discharged from the case, may move for judgment in accordance with his motion for directed verdict. A motion for a new trial may be joined with this motion, or a new trial may be prayed for in the alternative. A motion to set aside or otherwise nullify a verdict or a motion for a new trial shall be deemed to include a motion for judgment notwithstanding the verdict as an alternative. If a verdict was returned, the court may allow the judgment to stand or may reopen the judgment and either order a new trial *or direct the entry of judgment as if the requested verdict had been directed.* If no verdict was returned, the court may direct the entry of judgment as if the requested verdict had been directed or may order a new trial." (Emphasis supplied.)

The author's comments on the above rule at 2 Honigman and Hawkins, Michigan Court Rules Annotated, page 532, make it abundantly clear that judgment notwithstanding the verdict is proper only when the movant would have been entitled to a directed verdict, and that:

"The standard or test for determining the sufficiency of evidence in ruling upon a motion for judgment notwithstanding the verdict is the same as the standard for ruling upon a motion for a directed verdict. See discussion *supra.* This standard must be strictly maintained in order to avoid invasion of the right to trial by jury. While a motion for a new trial may be granted if the verdict is against the weight of the evidence, judgment notwithstanding the verdict may be allowed only if there is insufficient evidence, as a matter of law, to make an issue for the jury."

*If the trial court could not have directed a verdict for the defendant before submission of the case to the jury, he cannot direct that judgment notwithstanding the jury's verdict.* The findings of the jury should have no effect on the motion; the sole considerations must of necessity be those existing before submission of the case to the jury. *In re Cotcher's Estate* (1936), 274 Mich 154, 162. In the present case there can be no question as to the existence of material, factual disputes. Consequently the judgment notwithstanding the verdict was improperly granted and must be set aside.

Furthermore, the judge in his opinion on the motion notwithstanding the verdict said:

"It was apparent that the jury had not given the defendant credit for the salary paid to the plaintiff, and that if this had been done, there would have been a finding that there was nothing due and owing to him."

Contrary to this opinion, it is apparent that the jury did, in fact, give the defendant credit for the salary paid. Consistent with plaintiff's claim, the foreman stated that the jury found there was only a contract for the 33-1/3% commission ($4,597.31) on the sale of used equipment. In failing to deduct the total $18,459.75 figure from the commission, it is clear that, consistent with defendant's claim that plaintiff was on a salary basis, the jury was expressing its conclusion that at the time of the commission agreement plaintiff was and continued to be employed on a salary basis and therefore most of the $18,459.75 was credited as salary. The net result is that the jury rendered its verdict on a salary plus commission basis.

The jury's verdict was a reasonable combination of the claims of the 2 parties and is not susceptible to the challenge that it is a compromise verdict. We

know of no legal principle which prohibits the jury from accepting or rejecting portions of the conflicting claims of the disputing parties. A general verdict premised partially upon the evidence of both parties is valid. *Lee* v. *Huron Indemnity Union* (1903), 135 Mich 291; *Whalen* v. *Grant* (1901), 129 Mich 178; *Massachusetts Bonding & Insurance Co.* v. *Trans-American Freight Lines, Inc.* (1938) 286 Mich 179.

The jury's verdict in this case was an honest expression of its judgment and is presumed to be valid. See *Stretch* v. *Stretch* (1916), 191 Mich 416, 422; *Joseph N. Smith & Co.* v. *Dickinson* (1929), 246 Mich 689.

One last issue raised by the plaintiff merits discussion. Three days after he had been discharged by his employer, plaintiff came into possession of a $2,500 check made payable to Wheaton Chemical Company. Plaintiff held the check as a lien for the amount of the commissions allegedly outstanding. Defendant, in a counterclaim, alleged that plaintiff's retention of the check was unlawful and that the check should be returned with interest. The trial judge directed a verdict in favor of defendant on this claim.

Plaintiff argues that an agent may have a lien on the property of his principal for commissions due. Here it is admitted by the plaintiff, and clear from the proofs, that plaintiff was no longer defendant's agent. Plaintiff had no authority to take and retain defendant's check. Under these circumstances we must uphold the action of the trial court.

Cause is reversed, case remanded to set aside the second judgment (judgment notwithstanding the verdict) and to reinstate the original judgment based on the jury verdict, assessing costs in accordance with this opinion to cover costs of plaintiff's prepa-

ration of proof of facts denied by defendant in its pleadings and depositions but later admitted at trial by defendant.

Costs to appellant.

FITZGERALD and T. G. KAVANAGH, JJ., concurred.