KELLY *v.* NATIONAL CASUALTY COMPANY.

1. TRIAL—VERDICT—COMPROMISE.
    A verdict which does not represent the judgment of the jury but which is clearly a compromise verdict reached by "splitting differences" must be set aside by the court either upon its own motion or upon motion of the prejudiced party.

2. SAME—VERDICT—INSTRUCTIONS.
    Verdict of jury against defendant for an amount less than defendant said it should pay, if it were liable at all, was not

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trial § 1033.
[2] 53 Am Jur, Trial § 845 *et seq.*

shown to be a compromise verdict subject to being set aside where the instruction of the judge was a permissive instruction and allowed a verdict for a specified amount but did not preclude a lesser verdict, and where the record does not convince the Court of Appeals that the verdict was a compromise verdict.

Appeal from Common Pleas Court of Detroit; Kent (George D.), J. Submitted Division 1 January 9, 1968, at Detroit. (Docket No. 3,418.) Decided March 28, 1968.

Declaration by John G. Kelly against National Casualty Company, a Michigan corporation, to recover separation pay, a bonus, and moneys expended for dinners on occasions when plaintiff worked overtime. Verdict and judgment for plaintiff. Defendant's motion for new trial denied. Defendant appeals. Affirmed.

*Dee Edwards,* for plaintiff.

*Langs, Molyneaux & Armstrong* (*Neil A. Patterson,* of counsel), for defendant.

QUINN, P. J. Defendant appeals from the order of February 9, 1967, denying its motion for new trial, filed in an action that resulted in a judgment against defendant of $1,979.15 entered on jury verdict in common pleas court, Detroit. It is defendant's contention here, as it was on the motion for new trial, that the jury could not have reached the amount of the verdict if it had followed the court's instructions, and since the jury is bound to follow the instructions of the court in arriving at a verdict, the trial court should have set the verdict aside and granted a new trial. The amount of the verdict was less than the amount defendant says it should pay, if liable.

Defendant's position appears to have legal support if the defendant's liability is for a liquidated amount and if the court's instructions require the jury to return a verdict for that amount in the event the jury finds liability. *Morley v. Liverpool and London & Globe Insurance Company* (1891), 85 Mich 210, 220.* However, a careful reading of *Morley* raises serious question as to its validity as authority for the foregoing principle because the verdict was contrary to the jury's special findings and the evidence, and the principle here relied on was announced after the Supreme Court had found 4 other reversible errors.

In addition to this, of the 17 Michigan cases in which *Morley* is cited according to Shepard's Michigan Citations, only 2 deal with the principle defendant relies on here. In *DeLand v. Hall* (1903), 134 Mich 381, 384, the Supreme Court merely cites *Morley* as relied on by defendant for the same proposition defendant here relies on *Morley,* without adopting *Morley* as controlling. In *Buckner Loan Co. v. Bicher* (1922), 221 Mich 198, 200, the Supreme Court states the rule of *Morley* as follows:

"It is a recognized duty of courts either upon their own motion or upon motion of the prejudiced party to set aside verdicts which do not represent the judgment of the jury but which are clearly compromise verdicts; but it is equally well recognized that to justify such action the record must make it clear that the jury reached the result by splitting differences."

---

* "Under this charge the only verdict which the jury could render in favor of the plaintiff would have been one for at least $1,533, with 3 years' interest. The jury evidently ignored the charge of the court and the evidence in the case, and agreed upon a compromise verdict outside the evidence. Such verdicts cannot and ought not to stand. Juries are sworn to decide according to the law and the evidence. Whenever they disregard either or both, courts should promptly set them aside upon the motion of either party, if not upon their own motion." (The verdict in *Morley* was $951.29.)

This statement of the rule makes some sense for as was said in *Joseph N. Smith & Co.* v. *Dickinson* (1929), 246 Mich 689, 694:

"If the defendants are liable for damages in any amount, they have no reason to complain of a verdict that gave the plaintiff $1,000 less than it was entitled to."

This record does not convince us that the verdict was a compromise verdict. *Stretch* v. *Stretch* (1916), 191 Mich 416. The instruction of the judge was a permissive instruction and allowed a verdict for a specified amount but did not preclude a lesser verdict. The evidence introduced by defendant permitted the jury to determine the amount of the actual verdict.

Affirmed.

J. H. GILLIS and HOLBROOK, JJ., concurred.