PEOPLE v. DAVIS

1. CRIMINAL LAW—AIDING AND ABETTING—INSTRUCTIONS TO JURY—REVERSIBLE ERROR.

Instructing the jury on the crime of aiding and abetting in defendant's trial for breaking and entering was reversible error where no evidence was presented tending to support a charge of aiding and abetting (MCLA § 767.39).

2. CRIMINAL LAW — SPEEDY TRIAL — INMATES — 180-DAY RULE — NOTICE.

The 180-day rule governing the bringing to trial of a person already an inmate does not apply where the Department of Corrections has not received notice of the crime charged (MCLA § 780.131).

3. CRIMINAL LAW — SPEEDY TRIAL — INMATES — 180-DAY RULE — APPEAL AND ERROR — STANDARD OF REVIEW.

Prejudice as a result of a delay in bringing a person already an inmate to trial within the statutory 180-day period, not the delay alone, is the guide the appellate courts have adopted in determining whether the defendant's rights have been violated.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 53 Am Jur, Trial § 579.
[2, 3] 21 Am Jur 2d, Criminal Law § 249.
Constitutional or statutory right of accused to speedy trial as affected by his incarceration for another offense. 118 ALR 1039.

Appeal from Oakland, William R. Beasley, J. Submitted Division 2 March 5, 1971, at Lansing. (Docket No. 9801.) Decided April 23, 1971. Leave to appeal denied, 385 Mich 774.

Robert C. Davis was convicted of breaking and entering. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas G. Plunkett,* Prosecuting Attorney, and *Frank R. Knox,* Assistant Prosecuting Attorney, for the people.

*J. William Locke,* for defendant on appeal.

Before: R. B. BURNS, P. J., and J. H. GILLIS and T. M. BURNS, JJ.

R. B. BURNS, P. J. The defendant appeals his conviction by a jury of the crime of breaking and entering.[1] Defendant's contention that the trial judge erred in instructing the jury on aiding and abetting,[2] when the evidence did not support this additional theory, has merit. No evidence tending to support such a charge was presented at trial level; thus it was reversible error for the trial judge to explain aiding and abetting to the jury. *People v. Ware* (1968), 12 Mich App 512.

Defendant's argument that the case should be dismissed since he was denied his right to a speedy trial[3] is without merit. Contrary to defendant's view the "180-day rule" of MCLA § 780.131 (Stat

---

[1] MCLA 1971 Cum Supp § 750.110 (Stat Ann 1971 Cum Supp § 28.305).

[2] MCLA § 767.39 (Stat Ann 1954 Rev § 28.979).

[3] US Const, Am 6; Const 1963, art 1, § 20.

Ann 1971 Cum Supp § 28.969[1]), is inapplicable since there is no evidence that the Department of Corrections received notice of the breaking and entering charge. In addition defendant has not presented credible evidence that he was prejudiced by his delayed trial. Prejudice as a result of delay, not the delay itself, is the guideline this Court has adopted. *People* v. *Hernandez* (1968), 15 Mich App 141. See, also, *People* v. *Albert White* (1970), 27 Mich App 432; *People* v. *Rios* (1970), 27 Mich App 54. The United States Supreme Court has also indicated that actual prejudice must be shown. *Dickey* v. *Florida* (1970), 398 US 30 (90 S Ct 1564, 26 L Ed 2d 26).

We also find that on remand the following testimony of the police officer complained of by the defendant should be excluded ("He" refers to the defendant):

"He says, 'You think you had trouble with me before, you are really going to have trouble with me now. I guess I will have to go back to busting safes again to make expenses. There isn't a safe in Oakland County that I can't open. I have never tried to bust one yet that I haven't succeeded doing,' and at this time the only question we had asked is, 'How do you know so much about safes?'

"He says, 'I worked for the Mosler Safe Company in Ohio for six months.' "

It has very little probative value and tends to interfere with the presumption of innocence.

Reversed and remanded for a new trial.

All concurred.