PEOPLE v. ALEXANDER

OPINION OF THE COURT

1. HOMICIDE — MANSLAUGHTER — INSTRUCTION TO JURY — DEFINING DEGREES OF HOMICIDE.

Defining the various degrees of homicide to enable the jury to reach an intelligent verdict in defendant's trial for manslaughter was proper and did not result in a compromise verdict where the jurors were never instructed that they could find defendant guilty of the higher degrees of homicide.

DISSENT BY LEVIN, J.

2. HOMICIDE — MANSLAUGHTER — MAGISTRATE'S DECISION — EFFECT — MALICE — INSTRUCTION TO JURY.

*Examining magistrate's decision to bind defendant over for trial on a manslaughter charge because the homicide evidently was committed under circumstances negating malice was not subject to jury review and obviated any need to instruct the jury regarding malice even though the complaint charged first-degree murder.*

3. HOMICIDE — MANSLAUGHTER — MALICE — INSTRUCTION TO JURY — PROPRIETY.

*Examining magistrate's decision to reduce the charge against defendant from first-degree murder to manslaughter removed malice as an issue from the case and obviated the need for any instruction to the jury regarding malice; the jury should have been simply told that the homicide was manslaughter if the victim's death was intentionally caused by defendant without excuse or justification.*

4. HOMICIDE—MANSLAUGHTER—MALICE—INSTRUCTION TO JURY.

*Malice, express or implied, about which the judge charged the jury at great length in defendant's trial for manslaughter,*

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 6] 40 Am Jur 2d, Homicide § 525.
[2–5, 7] 40 Am Jur 2d, Homicide § 500.

*was completely extraneous to the real issues where the defendant, although admitting that he struck the victim with a cue stick, contended that he did so in self-defense and that the victim died, not because of defendant's blow, but as a result of a fall shortly before his death.*

5. HOMICIDE—MANSLAUGHTER—MALICE—INSTRUCTION TO JURY.
   *Instructing the jury on malice in defendant's trial for manslaughter was reversible error because malice was not an issue, the instruction not only diverted the jury from the real issues to a non-issue, but also confused and distracted the jury, and because such unnecessary instruction exposes a defendant to the danger of prejudice and a compromised verdict.*

6. CRIMINAL LAW—INSTRUCTIONS TO JURY—INSTRUCTIONS ON NON-RELEVANT CRIMES.
   *A rule allowing instructions to the jury as to crimes or degrees of crimes other than the crimes or degrees of crimes actually charged is basically unsound because the interjection of instructions regarding irrelevant crimes, under the claim of elucidation, is more likely to divert the jury's attention than it is to focus the jury's attention upon the relevant issues.*

7. HOMICIDE—MANSLAUGHTER—MALICE—DEGREES OF MURDER—INSTRUCTION TO JURY.
   *Instructing the jury at length on malice and the various degrees of murder was reversible error where the defendant was on trial for manslaughter.*

Appeal from Genesee, Elza H. Papp, J.  Submitted Division 2 September 2, 1970, at Detroit.  (Docket No. 7750.)   Decided May 21, 1971.

Paul Alexander was convicted of manslaughter. Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

*William J. Hayes,* for defendant on appeal.

Before: V. J. Brennan, P. J., and Levin and O'Hara,* JJ.

O'Hara, J. Defendant was charged with and convicted of the crime of manslaughter.[1] The trial judge found it necessary to define all of the elements of the various degrees of homicide from murder through manslaughter. The crime of first-degree murder is defined by statute,[2] as is second-degree murder.[3] The definition of second-degree murder is a negative one, to wit: "All other kinds of murder shall be murder of the second degree  *  *  *  ." The next highest degree of illegal homicide, manslaughter, is not even defined by statute and the courts must look to the common law for its definition. *People* v. *Clark* (1967), 5 Mich App 672. "Manslaughter" is the unlawful killing of another without malice, express or implied. *People* v. *Clark, supra.*

The various degrees of homicide were defined only to enable the jury to reach an intelligent verdict; the trial judge told them as much. They were never instructed that they could find the defendant guilty of any of the higher crimes, and his claim of a "compromised verdict" is unpersuasive.

The conviction is affirmed.

V. J. Brennan, P. J., concurred.

Levin, J. (*dissenting*). There was no need to instruct the jury concerning the distinctions between murder, first and second, and manslaughter.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.
[1] MCLA § 750.321 (Stat Ann 1954 Rev § 28.553).
[2] MCLA § 750.316 (Stat Ann 1954 Rev § 28.548).
[3] MCLA § 750.317 (Stat Ann 1954 Rev § 28.549).

The complaint charged that the homicide was first-degree murder. The examining magistrate bound the defendant over on a charge of manslaughter; evidently he concluded that the homicide was committed under circumstances of mitigation negativing malice. The magistrate's decision was not subject to review by the jury. There was no need to attempt to explain or justify the reduced charge when instructing the jury. There was no need to instruct the jury regarding malice.

A homicide committed with malice aforethought is murder; and, if deliberated and premeditated, it is first-degree murder. An intentional killing committed without malice may be manslaughter, but not necessarily.[1] As a general proposition, how-

---

[1] In *People* v. *Morrin* (1971), 31 Mich App 301, we observed: "Malice, observed Oliver Wendell Holmes, Jr., 'is an averment of a conclusion of law which is permitted to abridge the facts (positive and negative) on which it is founded.' Holmes, The Common Law, p 63.

"Manslaughter (voluntary) has been defined as an intentional killing without malice, and murder as an intentional killing with malice. It is frequently said, perhaps in an effort to state the law of homicide in a nutshell, that the factor that distinguishes murder from manslaughter is the presence or absence of malice aforethought. Clark and Marshall, Crimes (6th ed), § 10.05, p 567; 1 Wharton's Criminal Law and Procedure, § 242, pp 522, 523; § 271, p 574; Perkins on Criminal Law (2d ed), p 51. But that is circular and misleading; murder and manslaughter are more accurately defined affirmatively than negatively.

"Malice aforethought means intent to kill not under circumstances of excuse, justification or mitigation. Since excuse and justification are defenses to both murder and manslaughter, the principal factor that distinguishes murder from voluntary manslaughter is the presence or absence of circumstances of mitigation. But a killing is not necessarily murder even though it is neither justifiable, excusable nor committed under circumstances of mitigation.

"It is murder only if there is intent to kill, actual or implied. Where there is no actual intent to kill, intent to kill will be implied only in certain circumstances, *e.g.*, where the actor actually intends to inflict great bodily harm or the natural tendency of his behavior is to cause death or great bodily harm, where, as Perkins would put it (see [Perkins on Criminal Law (2d ed), p 46]), the actor has a 'man-endangering state of mind.'

ever, if an intentional killing is not committed under circumstances constituting excuse or justification but is committed under circumstances of mitigation, it will be manslaughter—voluntary manslaughter.

Malice, legal shorthand for a number of concepts, was removed as an issue from this case by the magistrate's decision reducing the charge from first-degree murder to manslaughter. The jury could and, therefore, should have been simply told that the homicide was manslaughter if the victim's death was intentionally caused by the defendant without excuse or justification.[2]

The issue of malice, express or implied, about which the judge charged the jury at great length, was completely extraneous to the real issues in the case. The defendant admitted striking the victim with a cue stick. After being struck, the victim walked away from the scene but a day or so later became ill and died shortly thereafter. The defenses were (1) self-defense, and (2) that the death was not caused by the blow struck by the defendant but was the result of a fall shortly before the victim became ill and died.

---

"But, even where there is actual intent to kill and circumstances of mitigation are not present, malice aforethought is not present if the actor acted justifiably, *e.g.*, self-defense.

"Thus, an intentional killing may or may not be 'malicious' (it may be excused or justified or the offense reduced because of mitigating circumstances); an unintentional killing may or may not be 'malicious' (intent to kill may be implied, but not necessarily, and even if intent is implied the killing may be excused, justified or the offense reduced to manslaughter by reason of mitigating circumstances); and the absence of mitigating circumstances does not necessarily make the offense murder (there must be actual or implied intent to kill).

"Yet the common law sums up all these mottled, contradictory concepts in one term, 'malice aforethought,' a construct so complex that it is meaningless except to those initiated in the mystique of the law of homicide. See Moreland, Law of Homicide, pp 205, 206; Purver, The Language of Murder, 14 UCLA L Rev 1306, 1308 (1967)."

[2] It appears from the judge's instructions (see fn 7) that *involuntary* manslaughter was not in issue.

Instructing a jury in the "arcane jargon of the law"[3] about malice is, in any case, confusing at best.[4] It is completely uncalled for when there is no issue of malice to be considered or decided. The judge diverted the jury from the real issues to a non-issue. Although juries are not supposed to compromise their verdicts, our decisions recognize that juries, in actuality, do compromise,[5] and that an instruction which unnecessarily exposes a litigant to a compromised verdict is reversible error.[6]

The instructions in this case concerning murder were not only distracting, they were confusing to a lay juror.[7] Where instructions are confusing, for whatever reason, there is a danger of prejudice.

---

[3] *Hill* v. *Harbor Steel & Supply Corporation* (1965), 374 Mich 194, 208.

[4] See *People* v. *Morrin* (1971), 31 Mich App 301.

[5] See *Kelly* v. *National Casualty Company* (1968), 10 Mich App 450; *Massachusetts Bonding & Insurance Co.* v. *Trans-American Freight Lines, Inc.* (1938), 286 Mich 179; *Stretch* v. *Stretch* (1916), 191 Mich 416; *People* v. *Marshall* (1962), 366 Mich 498, 502; *People* v. *Stahl* (1926), 234 Mich 569, 572; *People* v. *McPherson* (1970), 21 Mich App 385.

[6] See *People* v. *Marshall, supra; People* v. *Stahl, supra; People* v. *McPherson, supra; People* v. *Ware* (1968), 12 Mich App 512; *People* v. *Davis* (1971), 32 Mich App 704; *United States, ex rel. Hetenyi,* v. *Wilkins* (CA 2, 1965), 348 F2d 844, 865 *cert. den.* (1966), 383 US 913 (86 S Ct 896, 15 L Ed 2d 667); *Leonard* v. *People* (1962), 149 Colo 360 (369 P2d 54); *cf. People* v. *Goodrode* (1903), 132 Mich 542, 548, where the trial judge was held to have erred in charging a theory unsupported by evidence and not advanced by the people.

[7] The following is a part of the unnecessary charge:

"I want to say this—coming back to murder and manslaughter: In first-degree murder, they have to premeditate; in other words, they have to think about it. Because the time element is immaterial, because you can form a thought immediately to kill. And it must be done with malice. Malice is with hatred or—Now, by premeditation is meant a design in the mind of the accused to commit the crime of murder, that he has a design to do it. The length of time is immaterial.

"In order to constitute second-degree murder, the killing must have been premeditated with malice, either expressed or implied, and with the intent to kill. Now, express malice is where one with a deliberate purpose and pursuant to a definitely-formed plan kills another. Malice is implied from any deliberate or cruel act against another, however sudden. Malice includes all those evil conditions

In *People* v. *King* (1960), 361 Mich 140, 148, and
*People* v. *Palmer* (1895), 105 Mich 568, 573, there
were issues of malice; in both cases the jury ques-
tion was whether the defendant was guilty of mur-
der of the second degree or manslaughter. The ex-
traneous instruction in those cases concerned pre-
meditation and deliberation. The allusion to the
first-degree definition was, apparently, without

---

of mind attending or impelling a homicide, without extenuation,
excuse or legal justification; it is the desire and intent to take
a human life without provocation or necessity. Now, that is what
we call malice.

"Now, ladies and gentlemen of the jury, among the other ele-
ments of the crime of murder in the first or second is that the
killing was not only with malice, but it was wilful and it was
intentional. Now, in determining the attitude of the mind of this
defendant or any defendant in any homicide, be it first degree,
second or manslaughter, in order to determine the defendant's
attitude at the time of the act or at the time of the homicide, it
goes without saying that you cannot read the defendant's mind,
you cannot tell what was in his mind or in his heart except by
the circumstances, by his appearance, by his conduct, by what
he said, what he did and how he acted. You have a right to draw
reasonable, logical inferences from the facts. It is presumed that
a reasonable being intends the ordinary, natural consequences of
his voluntary act. You are to determine what, if any, intent there
was from the evidence introduced in this case from the witness
stand. You are the sole judges of the facts.

"Now, manslaughter. We have—as I told you, in manslaughter
we have two kinds. And manslaughter, as I told you, is defined
as the unlawful killing of another without malice. As I just got
through explaining to you what malice is, expressed or implied.
There are two kinds, voluntary and involuntary. Voluntary man-
slaughter is the killing of another intentionally, but in a sudden
heat of passion due to adequate provocation but without malice. In-
voluntary manslaughter is the killing of another without malice
and unintentionally, but in the doing of some unlawful act not
amounting to a felony, nor naturally tending to cause death or
great bodily harm; or negligent in doing some act lawful in itself,
or by the negligent omission to perform a legal duty.

"I don't think that you need concern yourself with manslaughter
—involuntary manslaughter; it has no application here.

"Manslaughter is distinguished from murder, either first or
second, in that the element of malice, hatred, in other words, ex-
pressed or implied, which is the very essence of murder, is absent.
The distinction is a vital one and rests chiefly on the greater dis-
regard of human life shown in the higher crimes.

"Now, ladies and gentlemen of the jury, of course, homicide—
you know what that is. Homicide is the taking of a life. That's
the quick definition."

elaboration.   Here the judge, for over five pages of transcript, discoursed on the law of malice and murder, which had nothing to do with the issues the jury was required to decide.

A rule allowing instructions as to crimes or degrees of crimes other than the crimes or degrees actually charged is basically unsound.   The interjection of instructions regarding irrelevant crimes, under the claim of elucidation, is more likely to divert the jury's attention than it is to focus that attention upon the relevant issues.   In a prosecution for manslaughter, the jury should not suddenly be confronted with the question of murder—its attention specifically drawn to this irrelevant matter by the judge himself immediately before deliberation. Any benefit such instructions may have by way of clarification is far outweighed by the danger of confusion.