### LINDSEY *v.* LOEBEL.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—LIABILITY OF MASTER WHERE SERVANT PERMITTED ANOTHER TO DRIVE.

    Employer is liable under workmen's compensation act where salesman, employed to sell and deliver cheese over route, was injured by accident to truck while it was being driven by another to whom he entrusted it as said injury arose out of and in course of his employment.

    NORTH, WIEST, and BUTZEL, JJ., dissenting.

Appeal from Department of Labor and Industry. Submitted June 8, 1933. (Docket No. 65, Calendar No. 37,227.) Decided December 5, 1933. Rehearing denied December 29, 1933.

Geneva M. Lindsey and another, dependents of Ernest Lindsey, deceased, presented their claim against Max Loebel, doing business as Michigan

Cottage Cheese Company, employer, and Michigan Mutual Liability Company, insurer, for accidental injuries resulting in death of plaintiffs' decedent while in defendant's employ. From order denying compensation, plaintiffs appeal. Reversed.

*Welborne S. Luna* (*Mason & Sharpe,* of counsel), for plaintiffs.

*L. J. Carey* and *R. B. Hart,* for defendants.

POTTER, J. Plaintiffs, as widow and son of Ernest Lindsey, deceased, made claim against defendants before the department of labor and industry for compensation for the death of Ernest Lindsey. The sole question in dispute is whether the accident arose out of and in the course of decedent's employment. The deputy commissioner found defendants liable and awarded compensation. This finding was reversed on appeal by the department. The case was disposed of by the department on the theory decedent was employed by defendant Max Loebel as a delivery truck driver. The undisputed evidence is, "He was employed to sell cheese and deliver cheese on a route." On the day Ernest Lindsey was injured he started out with defendant Loebel's truck about 5:30 a. m. over his regular route, and after about 2:30 p. m. one Grant Bennett, a friend who had accompanied him, drove the truck and was driving it when the accident occurred in which decedent was injured. Decedent was, under the undisputed facts, something more than a truck driver. He was a salesman employed to sell and deliver cheese over a route. He was in the discharge of his duty as such salesman at the time the injury occurred; in furtherance of his employer's business; doing a duty he was employed to perform.

There is no question but defendants would be liable had decedent himself been driving the truck. The sole defense rests upon the fact some one other than decedent was driving the truck at the time of the injury which resulted in his death. A similar question was before the court in *Marchand* v. *Russell*, 257 Mich. 96. This was an action for damages resulting from alleged negligence. After reviewing the authorities it was said:

"We think the more satisfactory rule is to hold that the person permitted by the servant to operate the car in his presence is but an instrument employed by him, and that his acts are, in legal effect, the acts of the servant himself."

*Hoffman* v. *Roehl*, 61 Mont. 290 (203 Pac. 349, 20 A. L. R. 189, 194); *Thixton* v. *Palmer*, 210 Ky. 838 (276 S. W. 971, 44 A. L. R. 1379); *Geiss* v. *Twin City Taxicab Co.*, 120 Minn. 368 (139 N. W. 611, 45 L. R. A. [N. S.] 382); *Grant* v. *Knepper*, 245 N. Y. 158 (156 N. E. 650, 54 A. L. R. 845), and the cases collected in the annotations thereto in A. L. R. fully sustain this rule.

The order of the department of labor and industry is reversed, and the cause remanded for disposition in accordance with this opinion.

McDonald, C. J., and Fead, J., concurred with Potter, J.

Weadock, J. (*concurring*). The deceased Ernest was employed by defendant and appellant to do the work which could only be done properly by two employees. He was to drive a truck, sell cheese, deliver cheese. He could not perform either duty of selling or delivering cheese without leaving the truck either of which duties would require a shorter or longer time as the case might be and in the meantime the

truck might be stolen or injured, and he would be blamed for leaving it.

His friend Bennett, who was driving the truck, and sitting beside him while driving, was doing the work that appellant should have hired another to do, so the injury which caused decedent's death was certainly in the course of his employment, and arose out of it. Lindsey was going from the town of Edwardsburg to his next stop.

The opinion of the commissioner states:

"Ernest Lindsey was employed by the defendant as a truck driver delivering the defendant's products to his customers."

He does not mention his duty of selling cheese. He (employer) knew that Bennett had made a trip with Lindsey and he made no objection. Traveling from Edwardsburg to the place of the accident was in the regular course of deceased's employment. No negligence on the part of Bennett's driving was shown and the accident was apparently caused by the defect in the road. The workmen's compensation act is a liberal remedial statute and should be construed liberally. Before its enactment, if an employer had a machine injured or destroyed, he had to mend or replace it at his own cost. If an employee was injured or killed all sorts of questions were raised to prevent recovery by the employee or his family. The statute in question was intended to remedy that condition.

I think *Marchand* v. *Russell,* 257 Mich. 96, controls this case. The order is reversed and the cause remanded.

POTTER, J., concurred with WEADOCK, J.

WIEST, J. (*dissenting*). The employment was to drive a truck and deliver cheese. The accident hap-

pened while the truck was being operated by a non-employee under permission of the employee. Under such circumstances the accident to the employee did not arise out of and in the course of his employment.

I think the order appealed from should be affirmed.

NORTH and BUTZEL, JJ., concurred with WIEST, J. SHARPE, J., did not sit.