CLORE *v.* SWIFT & CO.

1. MARRIAGE—COMMON-LAW MARRIAGE.
   The test of a common-law marriage is whether the parties presently agreed to take each other for husband and wife and thereafter live together in that relation.

2. WORKMEN'S COMPENSATION—COMMON-LAW MARRIAGE—FINDING BY DEPARTMENT.
   Whether a common-law marriage existed between a claimant for workmen's compensation and a deceased employee is nearly always a question of fact, and a finding by the department of labor and industry upon such question, in the absence of fraud, will be deemed conclusive (2 Comp. Laws 1929, § 8451).

Appeal from Department of Labor and Industry. Submitted April 9, 1942. (Docket No. 43, Calendar No. 41,866.) Decided May 18, 1942.

Maggie Clore presented her claim for compensation against Swift & Company, employer, and Security Mutual Casualty Company, insurer, for death of Charles Clore. Award to defendant. Plaintiff appeals. Affirmed.

*Mayer C. Brown (S. Gerald Conklin,* of counsel), for plaintiff.

*Kerr, Lacey & Scroggie,* for defendants.

BUSHNELL, J. Plaintiff, Maggie Clore, who claims to be the widow of Charles Clore, deceased, was denied compensation by the department of labor and industry on the ground that she was never the wife of the deceased. Plaintiff's claim is based on a common-law marriage.

Plaintiff and decedent had cohabited together and held themselves out as husband and wife for about 13 years.  Plaintiff testified in part as follows:

"*A.*   After Charlie got his job at Swift & Company I told Charlie then that he could get married. Charlie said it wasn't necessary to get married. That if I promised to be a good and honest wife to him, he would be a good and honest husband to me.

"*Q.*   And what did you say?   *   *   *

"*A.*   I said to him, 'I promise you I would be a good and honest wife.'

"*Q.*   What happened after that?

"*A.*   We lived as husband and wife."

Notwithstanding this testimony, the department held that the evidence did not show a present agreement to take each other as husband and wife.   The court said in *Griffin* v. *Griffin,* 225 Mich. 253:

"As has been said in numerous decisions of this court, the test of a common-law marriage is, Did they presently agree to take each other for husband and wife and thereafter live together in that relation?"

See, also, *Brodock* v. *Brodock,* 243 Mich. 505; *In re Meredith's Estate,* 279 Mich. 298; and authorities therein cited.

It is not enough to say that, under the testimony offered by plaintiff, others might conclude that there had been a present agreement between plaintiff and decedent to take each other as husband and wife, because this is a question of fact which was decided adversely to plaintiff by the department of labor and industry.

Decision is controlled by *Brown* v. *Long Manfg. Co.,* 213 Mich. 221, 230, wherein it is said:

"Whether a common-law marriage exists nearly always presents a question of fact.   We think this

is true in the instant case. It has already appeared the industrial accident board * found against the existence of the relation. We have repeatedly held that the findings of fact made by the industrial accident board * acting within its powers shall, in the absence of fraud, be conclusive.'' See 2 Comp. Laws 1929, § 8451 (Stat. Ann. § 17.186).

The award is affirmed, with costs to appellee.

CHANDLER, C. J., and BOYLES, NORTH, STARR, WIEST, BUTZEL, and SHARPE, JJ., concurred.