FLYNN v. WESTERN BOARD & PAPER COMPANY.

1. WORKMEN'S COMPENSATION—DEPENDENCY—CONCLUSIVE PRESUMPTION—QUESTION OF FACT.

   Except as the conclusive presumption under the workmen's compensation act that a child under 16 years of age who is living with its parent is wholly dependent upon such parent for support applies, dependency is a question of fact (2 Comp. Laws 1929, § 8422; § 8423, as amended by Act No. 245, Pub. Acts 1943).

2. SAME—FINDINGS OF FACT.

   A finding of fact by the compensation commission of the department of labor and industry, in the absence of fraud, is conclusive and may not be disturbed by the Supreme Court if there is competent testimony to support it (2 Comp. Laws 1929, § 8451, as amended by Act No. 245, Pub. Acts 1943).

3. SAME—STATEMENT BY INJURED EMPLOYEE—STATEMENTS BY OTHERS.

   Since section of workmen's compensation act prohibiting use of statement as evidence against an injured employee unless a copy thereof is given to such injured employee at time statement is taken applies only to statements by such persons, statement given insurance adjuster by employee's 16-year-old son, claiming dependency, was admissible to impeach claim of dependency (Act No. 10, pt. 3, § 5a, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 24, Pub. Acts 1935).

4. SAME—DEPENDENCY OF 16-YEAR-OLD BOY ON FATHER—EVIDENCE.

   Evidence supported conclusion of the compensation commission of the department of labor and industry that plaintiff, a 16-year-old boy, was not dependent upon his father for support at time latter received fatal accident (2 Comp. Laws 1929, §§ 8423, 8451, as amended by Act No. 245, Pub. Acts 1943).

5. SAME—FINDING OF COMPENSATION COMMISSION—DEPENDENCY—EVIDENCE.

On appeal from an award of the compensation commission of the department of labor and industry denying compensation to 16-year-old son of deceased employee, it may be assumed that the commission in determining that plaintiff had not established dependency, considered all the evidence before it (2 Comp. Laws 1929, §§ 8423, 8451, as amended by Act No. 245, Pub. Acts 1943).

6. SAME—FAILURE TO MAKE A FINDING OF FACT—EVIDENCE.

. If the department of labor and industry fails to make a finding upon a material fact, the Supreme Court may examine the testimony taken at the hearing to determine whether there is any competent evidence to support the award (2 Comp. Laws 1929, § 8451, as amended by Act No. 245, Pub. Acts 1943).

Appeal from Department of Labor and Industry. Submitted April 15, 1947. (Docket No. 63, Calendar No. 43,637.) Decided May 16, 1947.

William E. Flynn presented his claim for compensation for death of his father against Western Board & Paper Company, employer, and American Employers Insurance Company, insurer. Award to defendants. Plaintiff appeals. Affirmed.

*Fred G. Stanley* (*Edward J. Ryan,* of counsel), for plaintiff.

*Alexander, Cholette, Buchanan, Perkins & Conklin,* for defendants.

CARR, C. J. For some time prior to October 7, 1944, plaintiff's father, Joseph V. Flynn, was employed by defendant Western Board & Paper Company. On the date referred to he suffered an accidental injury in the course of his employment, such

injury resulting in death on the same day. At the time of the father's death plaintiff was 16 years of age, and for some years had been living with his father in a room or apartment in the city of Kalamazoo. Claiming dependency under the provisions of the workmen's compensation law (Act No. 10, Pub. Acts 1912 [1st Ex. Sess.], as amended [2 Comp. Laws 1929, § 8407 *et seq.* (Stat. Ann. § 17.141 *et seq.*)]), plaintiff filed his petition with the department of labor and industry asking that compensation be awarded to him in accordance with the statute. A hearing was had before a deputy of the department, who made a finding of partial dependency and granted compensation to plaintiff at the rate of $6.54 per week until the further order of the commission but not exceeding 400 weeks. On appeal the compensation commission of the department reversed the award, finding plaintiff was not, in fact, dependent upon his father for support and maintenance when the accident happened, and was, therefore, not entitled to compensation benefits. From such order plaintiff has appealed.

The testimony taken on the hearing before the deputy commissioner discloses that plaintiff became 16 years of age on July 19, 1944. During the preceding year he had attended a public school in Kalamazoo, being enrolled as a student in the junior vocational school. After school was out in June, plaintiff, according to his testimony, worked at various odd jobs, primarily for the purpose of obtaining spending money. How much he actually earned at such work is not shown by the record. On September 18, 1944, he obtained employment at the plant of the Sutherland Paper Mills in Kalamazoo, where he worked 40 hours per week at 64 cents per hour. Plaintiff remained so employed until after the father's death, at which time he took up his residence with a sister.

During the year preceding his death Joseph Flynn earned in his employment a total of $871.60. The testimony indicates that he paid the rent of the room or apartment in which he and plaintiff lived, that he bought food for their use, and that he purchased clothing for himself and plaintiff. On behalf of the latter it is claimed, in substance, that notwithstanding his employment and the fact that he was earning therein practically the same weekly wage that his father received, plaintiff was dependent at the time of the death of the father on the latter's earnings. Stress is laid on the claim that in September, 1944, before he began working at the Sutherland Paper Mills, plaintiff discussed the situation with the principal of his school, Mr. Andrus, informing the latter that he wished to work for a while, rather than to return to school, in order that he might earn money for clothes. Mr. Andrus, who was a witness in plaintiff's behalf on the hearing, consented to such plan. Apparently he expected plaintiff to return to school after fulfillment of the purpose in question. Mr. Andrus further testified that plaintiff actually had returned to school after his father's death, but in this the witness was evidently in error. Plaintiff stated in his testimony that at the time of his conversation with Mr. Andrus he intended to return to school, and would have done so had it not been for his father's death.

Under the provisions of 2 Comp. Laws 1929, § 8422 (Stat. Ann. § 17.156), a child under the age of 16 years is conclusively presumed to be wholly dependent for support upon the parent with whom such child is living at the time of the parent's death. The following section of the act, as amended by Act No. 245, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 8423, Stat. Ann. 1946 Cum. Supp. § 17.157), further provides that:

"Questions as to who constitute dependents and the extent of their dependency shall be determined as of the date of the injury to the employee, and their right to any death benefit shall become fixed as of such time, irrespective of any subsequent change in conditions."

It is settled by prior decisions of this Court that, except in instances where the conclusive presumption controls, dependency is a question of fact. *Miller* v. *Riverside Storage & Cartage Co.,* 189 Mich. 360; *Moll* v. *City Bakery,* 199 Mich. 670.

Under 2 Comp. Laws 1929, § 8451, as amended by Act No. 245, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 8451, Stat. Ann. 1946 Cum. Supp. § 17.186), the findings of fact made by the compensation commission of the department of labor and industry are, in the absence of fraud, conclusive. It has been repeatedly held that under said section this Court may not disturb a finding by the department of labor and industry if there is competent testimony to support it. *Flanigan* v. *Reo Motors, Inc.,* 300 Mich. 359; *Clore* v. *Swift & Co.,* 301 Mich. 732; *Stewart* v. *Lakey Foundry & Machine Co.,* 311 Mich. 463; *Ryder* v. *Johnson,* 313 Mich. 702.

Certain witnesses for plaintiff gave testimony indicating that he was dependent on the earnings of his father, at least prior to the time that plaintiff became employed by the Sutherland Paper Mills. The testimony of plaintiff himself was somewhat contradictory. He claimed before the deputy commissioner that he had been supported by his father down to the date of the latter's death. He also testified as follows:

"*Q.* The first two weeks that you worked, your father gave you 35 cents a day for lunch, did he not?
"*A.* Yes.

"*Q.* Then when you got your first pay, you paid your father back?

"*A.* Yes.

"*Q.* You have been supported,—supporting yourself since September 18, 1944, is that right?

"*A.* No, not really. All I have been doing is buying my clothes.

"*Q.* Since September 18, 1944, your father had not supported you, had he?

"*A.* What?

"*Q.* Since September 18, 1944, your father had not supported you, had he?

"*A.* No.

"*Q.* You had supported yourself since September 18, 1944, is that right?

"*A.* Yes."

Presumably for the purpose of impeaching statements made by plaintiff in which he, in effect, claimed dependency, defendants offered in evidence on the hearing before the deputy, a statement given by plaintiff, on October 11, 1944, to an adjuster for the defendant insurance company. Plaintiff conceded therein that he had supported himself since September 18, 1944, and that his father had not supported him. He also stated that since he started to work he paid his father $5 a week for board and room. The statement in question was objected to by counsel for plaintiff on the ground that no copy of it was furnished to the plaintiff. Reliance was apparently placed on Act No. 10, pt. 3, § 5a, Pub. Acts 1912 (1st Ex. Sess.), as added by Act No. 24, Pub. Acts 1935 (Comp. Laws Supp. 1940, § 8444–1, Stat. Ann. § 17.179). Said section reads as follows:

"If the employer, insurer or any agent of either, shall take a statement from an injured employee, such statement cannot be used as evidence against

said injured employee unless a copy thereof is given to such injured employee at the time said statement is taken.''

It is obvious that the section quoted has no application other than to statements taken from an injured employee. The writing given by plaintiff to the adjuster was not incompetent for the reason advanced by counsel. It may be assumed that it was considered by the deputy and, also, by the compensation commission.

The record also discloses that a petition was presented to the compensation commission for the purpose of obtaining approval of an agreement for the settlement of plaintiff's claim. At the hearing on this petition plaintiff testified, and a transcript of his testimony was offered in evidence on the hearing before the deputy commissioner, presumably for the purpose of impeaching plaintiff's claim of dependency. On such hearing plaintiff testified in part before the commission as follows:

"*Q.* So from June to October you were not in attendance at school?
"*A.* Yes.
"*Q.* What were you doing during that period?
"*A.* Working.
"*Q.* So you were supporting yourself?
"*A.* Well—
"*Q.* What were you earning per week?
"*A.* About $27.50.
"*Q.* Was that sufficient to take care of your own needs, clothes and board and room?
"*A.* Well, yes.''

Counsel for plaintiff stress the claim that in view of plaintiff's testimony concerning his intention to return to school the employment at the Sutherland Paper Mills should be regarded as merely temporary in character and not inconsistent with

the claim of continued dependency on the father's earnings. It is urged that plaintiff's intention to return to school should be regarded as a material factor in the case. What plans, if any, the father may have had in mind are not shown by the record. It does not appear that plaintiff was under any actual compulsion to return to school. In fact, the record suggests that the school authorities did not maintain a close check on what he was doing. The school principal, Mr. Andrus, testified that he did not know that plaintiff was employed by the Sutherland Paper Mills, and he did not claim in his testimony that he took any steps whatever to induce plaintiff to continue his studies. Under the circumstances indicated by the record it is a matter of conjecture as to whether plaintiff would have left the employment in which he was engaged, and returned to school, if his father had not received the fatal injury.

On this record it cannot be said that there was no evidence to support the finding of the compensation commission, especially in view of the testimony of plaintiff. Counsel for plaintiff recognize the general rule as declared by the statute and applied in the decisions above cited. Complaint is made, however, that plaintiff's testimony with reference to the matter of intent was not considered by the commission. In their brief counsel say:

"We acknowledge that the department's findings of fact are final and conclusive. If the department in its opinion had mentioned and discussed the evidence produced by the plaintiff, that the school principal had an agreement with the boy, to the effect that the boy intended to return to school as soon as he had earned sufficient moneys to buy clothes, and after discussing the evidence produced by the plaintiff, had made a finding of fact that the evidence was

not sufficient as a matter of fact and of law to establish a dependency, then we could have no fault to find. It is the department's complete by-passing of the evidence produced in relation to the intent of the parties that we object to, and urge that such evidence should be reviewed by this Court."

We think it may be assumed, that the compensation commission, in reaching its determination that plaintiff had not established dependency, considered all the evidence before it. In any event if this Court, after considering the record, finds that there was evidence to support such determination then the order of the commission must be sustained.

In *Goines* v. *Kelsey Hayes Wheel Co.*, 294 Mich. 156, it was said:

"It is well settled that if the department fails to make a finding upon a material issue, we may examine the testimony taken at the hearing to determine whether there is any competent evidence to support the award. See *Foley* v. *Detroit United Railway*, 190 Mich. 507; *Harris* v. *Castile Mining Co.*, 222 Mich. 709; *Trice* v. *Orchard Farm Pie Co.*, 281 Mich. 301."

Likewise, in the earlier case of *Thayer* v. *Berkey & Gay Furniture Co.*, 220 Mich. 332, this Court, in commenting on the failure of the department to make a specific finding on a certain point, said:

"Unfortunately, the board * made no written findings of fact and there is no recital in the order that offers the slightest suggestion as to how it arrived at the amount of her loss. Presumptively, however, they followed the provisions of the statute appli-

---

* The powers and duties of the industrial accident board, here referred to, have now been transferred to, and vested in, the department of labor and industry and its compensation commission. See 2 Comp. Laws 1929, §§ 8310, 8312, as amended by Act No. 241, Pub. Acts 1943 (Comp. Laws Supp. 1945, §§ 8310, 8312, Stat. Ann. 1946 Cum. Supp. §§ 17.1, 17.3).—Reporter.

cable to cases of permanent partial disability, and awarded her 60 per cent. of the difference between the weekly wage she was receiving at the time of the injury, and what she was subsequently able to earn in the same employment. They had before them the evidence of doctors, and others, as to the character and extent of her injury. * * * We think there was evidence from which the board* could determine the extent of her injury and her diminished earning capacity. Its finding is, therefore, conclusive.''

See, also, *Criss* v. *Taylor Produce Co.*, 313 Mich. 457, where the Court declined to reverse a holding of the commission to the effect that the employee died '' 'leaving no dependents within the meaning of the act,' '' on the ground that there was evidence in the case to support the general conclusion, and in consequence the Court was ''bound by the commission's finding.''

The order of the compensation commission of the department of labor and industry is affirmed, with costs to defendants.

Butzel, Bushnell, Sharpe, Boyles, Reid, North, and Dethmers, JJ., concurred.

* See footnote, *ante*, 36.—Reporter.