EGLASH v. DETROIT INSTITUTE OF TECHNOLOGY.

1. LABOR RELATIONS—DISCRIMINATION—BURDEN OF PROOF.

Plaintiffs have the burden of proving discrimination by defendant employer in its refusal to renew individual plaintiffs' employment contracts as instructors in violation of statute making it unlawful for an employer to discriminate in employment in order to encourage or discourage membership in any labor organization (CLS 1961, § 423.16).

2. SAME—DISCRIMINATION—BURDEN OF PROOF—EVIDENCE.

Finding of trial court in suit to enjoin alleged discrimination by defendant educational institution in the employment of instructors that individual plaintiffs had failed to sustain their burden of proof that they were the victims of discriminatory conduct in violation of statute making it unlawful for an em-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 31 Am Jur, Labor § 253 et seq.
[3, 4] 4 Am Jur 2d, Appeal and Error §§ 491–493.

ployer to discriminate in employment in order to encourage or discourage membership in any labor organization, *held*, not clearly erroneous, but supported by testimony elicited from plaintiffs' witnesses that defendant had decided not to renew such plaintiffs' contracts before they had even discussed the possibility of forming plaintiff union (CLS 1961, § 423.16).

3. Appeal and Error—Questions Reviewable—Labor Relations—Findings of Trial Court.

Whether or not plaintiffs' union activities might be included within the statutorily protected right of employees to engage in lawful concerted activities for mutual aid and protection, a claim not pleaded but raised for the first time on motion for new trial, is not determined, where Supreme Court concluded that evidence does not require reversal of trial court's finding that defendant had not discriminated against plaintiffs for such union activity (CL 1948, § 423.8; CLS 1961, § 423.16).

4. Same—Curtailment of Cross-Examination—Separate Record.

Claim that trial court unduly curtailed plaintiffs in cross-examination of one of defendant educational institution's department heads who had been called for cross-examination under the statute *held*, not substantiated under record presented, which did not include a separate record to preserve issue for review to show testimony desired to be elicited (CLS 1961, § 600.2161).

Appeal from Wayne; Fitzgerald (Neal), J. Submitted March 2, 1965. (Calendar No. 57, Docket No. 50,423.) Decided May 11, 1965.

Complaint by Albert Eglash, four other individuals, and Local 1458 American Federation of Teachers against Detroit Institute of Technology, a Michigan corporation, to enjoin discrimination against union members and enforce continued employment. Judgment for defendant. Plaintiffs appeal. Affirmed.

*Kelman, Loria, Downing & Craig* (*Roger E. Craig,* of counsel), for plaintiffs.

*William B. Cope, Cross, Wrock, Miller, Vieson & Kelley, Bethel B. Kelley* and *Newman T. Guthrie,* for defendant.

*Amicus Curiae:*

*Rolland R. O'Hare* and *Erwin Ellmann (Bernard Gottfried,* of counsel), for American Civil Liberties Union of Michigan, asking reversal.

SOURIS, J. Plaintiff union and some of its charter members who were employed as instructors by defendant educational institution filed a complaint against defendant alleging that defendant had refused to renew the individual plaintiffs' employment contracts in violation of CLS 1961, § 423.16 (Stat Ann 1960 Rev § 17.454[17]), which provides:

"It shall be unlawful for an employer  *  *  *  to discriminate in regard to hire, terms or other conditions of employment in order to encourage or discourage membership in any labor organization."

The complaint was filed on April 11, 1963, at which time a temporary restraining order and an order to show cause were issued. Defendant answered to the complaint on April 25th. On April 29th, without further pleadings, discovery, or pretrial conference, and apparently upon agreement of the parties, the chancellor commenced a full testimonial hearing on the merits. After the plaintiffs had rested and while defendant's counsel was examining his first witness, the chancellor terminated proceedings and announced his judgment dismissing the complaint for failure of plaintiffs to persuade him that they were the victims of discriminatory conduct by defendant in violation of the cited statute. From this judgment, plaintiffs appealed.

The burden of proving the alleged discrimination rested upon plaintiffs. They did not undertake to establish their allegations by calling as witnesses the defendant's administrative officers responsible for the alleged discriminatory actions, but attempted,

instead, to discharge their burden of proof by establishing that the individual plaintiffs were in all respects worthy of continued employment by the defendant and that defendant's refusal to continue their employment must inferentially be ascribed to the statutorily proscribed discrimination because of plaintiffs' union activities.

While the chancellor conceivably could have found, from the record made, that plaintiffs were in truth the victims of such discrimination, he did not do so. Instead, he found that the defendant had decided not to rehire the individual plaintiffs for reasons which were not connected with their union activities. Evidentiary support for the chancellor's decision is found in the testimony defendant's counsel elicited from witnesses called by plaintiffs which, if believed, indicated that the defendant had decided not to renew its contracts with the individual plaintiffs even before the plaintiffs had discussed the possibility of forming the plaintiff union.

We are not prepared on the basis of the record made below to hold that the evidence of discrimination clearly preponderates against the findings of fact by the chancellor and that had we been sitting as the chancellor we would have found those facts in favor of plaintiffs. In short, it is our judgment that the chancellor's findings were not clearly erroneous, as that term is used in GCR 1963, 517.1. This case, more so than most, perhaps, requires of the fact finder that he draw inferences from evidentiary facts on virtually every element of proof necessary to the establishment of plaintiffs' case. These inferences depend to a large extent upon the chancellor's assessment of the credibility of the witnesses. Under such circumstances we have no warrant to set aside the chancellor's fact determinations upon which his judgment of dismissal was based.

We also affirm the chancellor's finding, made on denial of plaintiffs' motion for new trial, that plaintiffs were not entitled to relief under section 8 of PA 1939, No 176 (CL 1948, § 423.8 [Stat Ann 1960 Rev § 17.454(8)]) which guarantees employees the right to "engage in lawful concerted activities for * * * mutual aid and protection". Plaintiffs failed even to plead such a claim, the claim first having been raised in their motion for new trial. Aside from this procedural defect, and excepting only for plaintiffs' union activities referred to above, we would be hard put even to sustain a finding that the plaintiffs otherwise had acted concertedly for mutual aid and protection, let alone to sustain a finding that they were discriminated against because of such activities. Whether plaintiffs' union activities properly may be included within the legislative meaning of the term "concerted activities for * * * mutual aid and protection" is a question we need not decide for purposes of this decision since we have concluded already that the evidence does not require that we reverse the chancellor's finding that defendant did not discriminate against plaintiffs for such union activity.

The last claim the plaintiffs assert before this Court is that the chancellor unduly curtailed their right to cross-examine one of defendant's department heads who had been called by them for cross-examination under the statute. CLS 1961, § 600.2161 (Stat Ann 1962 Rev § 27A.2161). Neither plaintiffs' argument with respect thereto, nor our own independent review of the record, persuades us that the chancellor erred in restricting the examination of the witness on the ground that the witness was stating his own conclusions and impressions rather than the evidentiary facts from which such conclusions and impressions were drawn. While the plaintiffs argue in their brief that the chancellor denied them

the right to cross-examine this witness, the fact remains that plaintiffs' counsel did cross-examine the witness for over 50 typewritten pages of this record before any limitation on the examination was imposed by the chancellor. In any event, as we said in *Serbinoff* v. *Dukas* (1957), 348 Mich 69, 74, to preserve the issue for review plaintiffs' counsel should have requested the chancellor's permission to make a special record of the witness' testimony desired to be elicited by cross-examination in order to permit this Court to appraise the evidentiary worth of that which plaintiffs now claim the chancellor denied them the right to prove. In this case of Eglash, as in the *Serbinoff Case,* we are not even able to make such appraisal on the basis of a formal offer of proof made to the chancellor. Under such circumstances, we cannot conclude that the chancellor's ruling, even if we assume it was in error, was prejudicially erroneous.

Affirmed. Costs to defendant.

T. M. Kavanagh, C. J., and Dethmers, Kelly, Black, Smith, O'Hara, and Adams, JJ., concurred.