## NIEKRO v THE BRICK TAVERN

1. WORKMEN'S COMPENSATION—STATUTES—STATEMENTS OF EMPLOYEES
    —RETROACTIVITY.

    A workmen's compensation statute governing the use in evidence
    of statements made by injured employees, which was in effect
    at the time of the injury and which has since been superseded,
    is the proper statute to be used to determine the rights of the
    parties where the current statute was not intended to apply
    retroactively (MCLA 413.5a, 418.855, 418.891[3]; MSA 17.179,
    17.237[855], 17.237[891] [3]).

2. WORKMEN'S COMPENSATION—STATUTES—LIBERAL INTERPRETATION.

    Workmen's compensation acts, passed as remedial legislation to
    alleviate social and economic problems of workers, are to be
    given a liberal interpretation.

3. WORKMEN'S COMPENSATION—WORKMEN'S COMPENSATION ACT—
    WORKMEN'S COMPENSATION APPEAL BOARD—LEGAL CONCLU-
    SIONS—APPEAL AND ERROR.

    A reviewing court has the duty and authority to correct any
    erroneous legal conclusions arrived at by the Workmen's Com-
    pensation Appeal Board in the board's interpretation of the
    Workmen's Compensation Act.

4. WORKMEN'S COMPENSATION—STATUTES—STATEMENTS OF EMPLOYEES
    —USE OF STATEMENTS—TESTIMONY REGARDING STATEMENTS.

    A statute which prohibits the use in a workmen's compensation
    proceeding of a statement made by an injured employee unless
    the employee was given a copy of the statement at the time he
    made it is directed toward any future use of the statement and
    is not dependent upon whether a suit was started or contem-
    plated when the statement was given; testimony by an insur-
    ance adjuster who took a statement from an injured party

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Workmen's Compensation § 517.
[2] 58 Am Jur, Workmen's Compensation § 27.
[3] 58 Am Jur, Workmen's Compensation § 522 *et seq.*
[4, 5] 58 Am Jur, Workmen's Compensation § 445.
[6] 58 Am Jur, Workmen's Compensation § 476.

pertaining to the statement is also precluded by the statute (MCLA 413.5a; MSA 17.179).

5. WORKMEN'S COMPENSATION—WORKMEN'S COMPENSATION APPEAL BOARD—STATEMENTS OF EMPLOYEES—USE OF STATEMENTS.

The Workmen's Compensation Appeal Board's improper use of a statement of an injured party as evidence against him, including the indirect use of the statement through testimony of the insurance adjuster who took the statement, is reversible error.

6. WORKMEN'S COMPENSATION—WORKMEN'S COMPENSATION APPEAL BOARD—FINDING OF FACT—PROPER LEGAL STANDARD—REMAND.

A case should be remanded to the Workmen's Compensation Appeal Board for reconsideration of the evidence where the board has not made a finding of fact with the proper legal standard.

Appeal from Workmen's Compensation Appeal Board. Submitted November 12, 1975, at Detroit. (Docket No. 22418.) Decided December 3, 1975. Leave to appeal applied for.

Claim by Martin J. Niekro against The Brick Tavern and United States Fidelity and Guaranty Company for workmen's compensation. Benefits denied. Plaintiff appeals by leave granted. Reversed and remanded.

*Oswald M. Robbins,* for plaintiff.

*Ripple & Chambers, P. C.,* for defendants.

Before: DANHOF, P. J., and McGREGOR and N. J. KAUFMAN, JJ.

DANHOF, P. J. This is an appeal from a decision of the Workmen's Compensation Appeal Board (hereinafter referred to as WCAB), which reversed the referee's decision of July 6, 1971. The referee awarded the plaintiff compensation because of an injury that occurred on September 3, 1969.

The plaintiff's injury resulted when the plaintiff

fell off a ladder while trying to dismantle a sign at the defendant tavern. The plaintiff's father was a copartner of the defendant tavern, which was insured by the defendant insurance company.

On June 9, 1970, an adjuster for the defendant insurance company interviewed the plaintiff as to the details of the above injury. The adjuster wrote a memorandum based on the interview, but he did not thereafter give the plaintiff a copy of the memorandum.

At the hearing before the referee on May 19 and 20, 1971, the plaintiff and his father both testified that the plaintiff was paid $15 for helping to dismantle the sign. The records of the defendant tavern were also introduced into evidence to show the plaintiff had received the $15. However, the referee sustained the objection to admitting the memorandum of the insurance adjuster into evidence. Subsequent to the hearing, the referee found for the plaintiff.

The defendants then appealed to the WCAB. On August 29, 1973, additional testimony was taken for the WCAB. At this hearing the adjuster's testimony relating to the taking of the above memorandum as well as the memorandum itself was admitted into evidence over the plaintiff's objection. The memorandum represents a statement signed by the plaintiff that describes the facts and circumstances surrounding the injury of September 3, 1969. The statement contains the following, attributed to the plaintiff:

"My father did all of his own maintenance work but if he needed help with anything I generally helped him. When I helped him I never received any pay or compensation, for it.

* * *

"Any work that had to be done on a ladder, or on the

roof, I would do., I live with my father and I was not paid for the jobs that I did for him."

In its opinion of November 15, 1974, the WCAB reversed the decision of the referee and denied compensation. The WCAB found the plaintiff had not been employed by his father at the time of the injury. The opinion reads in relevant part:

"The crucial piece of evidence in this case was a statement signed by plaintiff, taken by an agent of the insurer on June 9, 1970, some nine months after the accident, pursuant to a routine investigation of a liability claim in negligence. In that signed statement plaintiff had disclaimed any employer-employee relationship with his father's tavern.

"Referee Hodges by refusing to admit that document in evidence engendered much of the voluminous record which reflects a bitter but understandable legal fight between the parties revolving around the admissibility of that document.

"MSA 17.237(855) provides that 'If the employer, carrier or any agent of either takes a statement from an injured employee, the statement cannot be used as evidence against the employee unless a copy thereof is given to him at the time it is taken.'

"In our opinion the Referee erroneously relied on that statute because at the time the statement was taken there was no indication that this was a workmen's compensation case. Moreover, that statement as a highly material and probative piece of evidence should have been admitted at least for the purposes of impeaching the claim of employer-employee relationship. (See *Flynn v Western Board and Paper Co,* 318 Mich 28 [27 NW2d 332] (1947).

"We find that in a negligence case, at a time when a workmen's compensation claim was not even contemplated, the defendant had no duty to give a copy to plaintiff and that MSA 17.237(855) does not apply in this case.

"Weighing a statement given by plaintiff six (6)

months before he filed his Petition for Hearing and his testimony at the hearing two (2) years later, we find that the former has a more probative value.

"Having reviewed the record as a whole, we find it regrettable that a dutiful and helpful son suffered severe injuries in the course of his close relationship with his father, but we cannot convert a social or parental relationship to an employer-employee situation."

The issue raised on appeal is whether the statement taken by the insurance adjuster may be used as evidence against the plaintiff.

The statute in effect at the time of the injury,[1] MCLA 413.5a; MSA 17.179, reads as follows:

"If the employer, insurer or any agent of either, shall take a statement from an injured employe, such statement cannot be used as evidence against said injured employe unless a copy thereof is given to such injured employe at the time said statement is taken."

The present case should be approached with due regard for the legislative purpose. In *Glick v H A Montgomery Co*, 22 Mich App 678, 687; 177 NW2d 724 (1970), *lv den*, 383 Mich 788 (1970), the Court stated:

"Workmen's compensation acts were passed as remedial legislation to alleviate social and economic problems of workers. The ills sought to be cured by the

---

[1] The current statute, MCLA 418.855; MSA 17.237(855), is substantially similar to its predecessor, MCLA 413.5a; MSA 17.179. The application of either will not change the result in the instant case. However, the statute in effect at the time of the injury is the one used to determine the rights of the parties. *Pleiness v Mueller Brass Co*, 56 Mich App 169, 172, fn 1; 223 NW2d 634 (1974). The current statute did not take effect until December 31, 1969, which was after the injury in the present case. Further, the current statute was not intended to apply retroactively. MCLA 418.891(3); MSA 17.237(891)(3). Therefore, MCLA 413.5a; MSA 17.179 will be cited herein.

passage of such acts demand the acts be given a liberal interpretation."

*Rodwell v Pro Football, Inc,* 45 Mich App 408, 412; 206 NW2d 773 (1973), *lv den,* 390 Mich 775 (1973) further indicates:

"We approach statutory interpretation of the Workmen's Compensation Act in light of the principle that we will construe it liberally to reach employers and to protect employees."

If the WCAB erroneously interprets the Workmen's Compensation Act in order to reach its decision, the reviewing court has "the duty and authority to correct any such erroneous legal conclusions". *DeGeer v DeGeer Farm Equipment Co,* 391 Mich 96, 100; 214 NW2d 794 (1974).

Several contentions have been made to avoid application of the statute to the statement in the present case. The WCAB ruled the statute did not apply because there was no indication at the time it was taken "that this was a workmen's compensation case". Nowhere in the plain wording of the statute is there indicated a qualification that a workmen's compensation suit must have been started or contemplated when the statement was taken. The protection afforded the worker is directed toward any future use of the statement in a workmen's compensation case. The next argument is that, while the statement itself may not be used, the adjuster should have been allowed to testify as to the statement. The statute reads that the "statement cannot be used as evidence against said injured employe". If the person taking the statement were allowed to testify about it, such indirect use would greatly diminish the protection afforded the worker by the statute. Hence, in line

with the legislative purpose above, the statutory prohibition against use of the statement must be deemed to also include prohibition against testimony pertaining to the statement. Finally, the argument is raised that the finding of the WCAB, that "at the time the statement was taken there was no indication that this was a workmen's compensation case", is one of fact and therefore not reviewable, absent fraud. This review is of the WCAB's interpretation of MCLA 413.5a; MSA 17.179 and, thus, clearly within the duty and authority of a reviewing court. *DeGeer v DeGeer Farm Equipment, supra.*

In the instant case, the plaintiff's statement was used against him, but the plaintiff was not given a copy of the statement at the time it was taken by the adjuster for the defendant insurance company. Such use was in clear violation of MCLA 413.5a; MSA 17.179. Therefore, we hold the statute herein does apply to bar use of the statement as evidence against the plaintiff, including the indirect use of it through the testimony of the adjuster.

Where the WCAB has not made a finding of fact with the proper legal standard, the case should be remanded so that the WCAB, in line with its function as the fact-finding body, may properly reconsider the evidence. *Wright v Thumb Electric Cooperative,* 49 Mich App 714; 212 NW2d 607 (1973).

Accordingly, this case is reversed and remanded for further proceedings consistent with this opinion. Costs to the plaintiff.