Kelly, J.
(dissenting). I join Justice Weaver in her dissent and write separately to comment on several aspects of the majority opinion.
I. THE MAJORITYS UNSUPPORTED EXTENSION OF PAST CASE LAW
The majority[1] concludes:
On several occasions, this Court has held that symptoms such as pain, standing alone, do not establish a personal *238 injury under the statute. Rather, a claimant must also establish that the symptom complained of is causally linked to an injury that arises “out of and in the course of employment” in order to be compensable.4
4 See Kostamo v Marquette Iron Mining Co, 405 Mich 105, 116-118; 274 NW2d 411 (1979); Miklik v Michigan Special Machine Co, 415 Mich 364; 329 NW2d 713 (1982); Farrington v Total Petroleum, Inc, 442 Mich 201; 501 NW2d 76 (1993); McKissack v Comprehensive Health Services of Detroit, 447 Mich 57; 523 NW2d 444 (1994). See also Hagopian v Highland Park, 313 Mich 608, 621; 22 NW2d 116 (1946) (“The amended act itself was not intended to cover aggravation of pre-existing disease without an accident or fortuitous event.”).
The cases cited for this proposition conclude that an injury must be causally related to employment. Their focus is on the causal connection between the pain and the preexisting condition, not on whether pain alone could constitute an injury absent a preexisting condition.[2] None of them explicitly holds that *239 pain alone is insufficient to establish an injury. Today, in its pronouncements on pain, the majority makes new law. It does not simply return the law to a prior state.
When a physician evaluates a patient’s condition, frequently the only symptom showing that an injury was sustained is a complaint of pain. Similar to the tip of an iceberg, pain is the sole part exposed to view, while the greatest part by far remains submerged. Using even the best medical technology, that part may nqt be “medically distinguishable from a preexisting condition.” By discounting pain and redefining “injury,” the majority importantly alters the previous definition of the word “injury” under the act and eliminates many compensation-worthy claims.
Moreover, when carried to its logical conclusion, the majority’s definition of “personal injury” may adversely affect employers, as well as employees, stripping employers of some of the protections of the Worker’s Disability Compensation Act. This is because the act makes the recovery of benefits the employee’s exclusive remedy against an employer for a personal injury.[3] No “injury” means no wdca exclusivity. If an employee suffers harm at work, but is not “injured” as the majority defines the word under the act, the wdca would cease to be the employee’s exclusive remedy. MCL 418.131. Hence, the employee could bring a tort action against the employer for money damages. The employer would be subjected to the expense and uncertainty of litigation, one of the veiy eventualities that the wdca was enacted to prevent.
*240 Thus, the majority alters the long-established approach to determining a compensable work-related injuiy. This alteration is relevant to the very foundation of the Legislature’s intent in enacting the WDCA and risks upsetting it.
H. LIBERAL CONSTRUCTION OF THE WDCA
It is also important to note the danger of the majority’s questioning and partial disavowal of the rule that the Worker’s Disability Compensation Act “should be construed liberally to grant rather than deny benefits.” The pronouncement jeopardizes decisions that invoke the rule going back over seventy years.[4]
Michigan courts have always considered the WDCA and its predecessors to be “remedial in nature.” Hagerman v Gencorp Automotive, 457 Mich 720, 739; 579 NW2d 347 (1998). Ballentine’s Law Dictionary defines a remedial statute as “[a] statute to be construed liberally as one intended to reform or extend existing rights . . . .” Ballentine’s Law Dictionary (3d ed). Accord 73 Am Jur 2d, Statutes, § 8, pp 234-235.
*241 Initially, I note that the majority misconstrues the dissents. It states that we would use liberal construction of the wdca to award compensation for injuries that do not arise out of and in the course of employment. Ante at 233. This is incorrect. The liberal construction rule simply means that if an injury arises out of and in the course of employment, courts should favor inclusion. The rule guards against the rigid exclusion of claims that could go either way, and does not provide for inclusion of claims to which the wdca is wholly inapplicable.
A THE LIBERAL CONSTRUCTION RULE APPLIES TO WHETHER AN INJURY IS WORK-RELATED
Next, I disagree with the majority that liberal construction should be applicable only at a secondary stage of the analysis. I believe that it is applicable also at the “initial qualifying” stage when a determination is made whether a claim is covered by the WDCA.
The majority asserts that the “work-related” question is resolved at the initial stage, which it terms “nearly jurisdictional.” However, no mention of “work-related” appears in MCL 418.131, the “nearly jurisdictional” provision.
MCL 418.131 delineates the ambit of the wdca and provides that “ [t]he right to the recovery of benefits as provided in this act shall be the employee’s exclusive remedy against the employer for a personal injury or occupational disease.” Therefore, jurisdiction is based on “personal injury” or “occupational disease,” not on whether an injury or disease is “work-related.”[5]
*242 Whether an injury is work-related is resolved after the jurisdictional stage, when the analysis has proceeded to the point of determining whether the employee is entitled to benefits. MCL 418.301 then becomes relevant. It provides that “[a]n employee, who receives a personal injury arising out of and in the course of employment by an employer who is subject to this act at the time of the injury, shall be paid compensation as provided in this act.” Hence, the question whether an injury is “work-related” is not a “jurisdictional” question, but one directed at whether the injured employee is entitled to benefits from the employer in question.
It is beyond dispute that our courts have consistently used the liberal construction rule to decide the question of entitlement to benefits. As the Bower Court stated:
The Worker’s Disability Compensation Act was designed to help relieve the social and economic difficulties faced by injured workers. As remedial legislation, it is liberally construed to grant rather than deny benefits. Niekro v The Brick Tavern, 66 Mich App 53; 238 NW2d 537 (1975). See McAvoy v H B Sherman Co, 401 Mich 419; 258 NW2d 414 (1977). [Bower v Whitehall Leather Co, 412 Mich 172, 191; 312 NW2d 640 (1981) (emphasis added).]
Because the question whether an injury or disease is “work-related” is directly implicated in determining *243 entitlement to benefits, it follows that the question is susceptible to liberal construction.[6]
B. APPLICATION OF THE RULE TO THE QUESTION OF WORK RELATION IS LOGICALLY JUSTIFIABLE
The majority concludes that liberal construction is “logically justifiable” only after it has first been established that an injury is work-related. My disagreement with the conclusion is based in part on the fact that the application of liberal construction to whether an injury is work-related comports with the Legislature’s remedial goals.
Our courts have been relying on the liberal construction principle since at least 1933.[7] In 1994, Justice Brickley provided an example of its proper application in his lead opinion in Nederhood v Cadillac Malleable Iron Co, 445 Mich 234, 247; 518 NW2d 390 (1994):
In formulating our decision . .., we must also be mindful of the policies underlying the Worker’s Disability Compensation Act. MCL 418.101 et seq.;... As a preliminary matter, it must be remembered that the act was designed to be remedial and must not be unnecessarily construed so as to favor a denial of benefits. . . .
* * *
It would seem that a permanent forfeiture of benefits is not in accord with a liberal construction of the Worker’s Disability Compensation Act.
*244 The majority seems to indicate that it is improper for the Court to consider legislatively derived public policy in making its decisions. The inference is that Michigan courts have been handing down improper decisions in this regard for decades. I believe that is manifestly incorrect. Over the years, we have consistently used policy-driven principles for the purpose of interpreting the wdca in line with the Legislature’s intent. The liberal interpretation rule is foremost among them.[8] This principle being so firmly established, I see no reason to abandon it.
I also disagree with the majority’s contention that utilizing the liberal construction rule to determine “whether the claimed injury falls within the wdca regime” somehow “tilt[s]” the scales in favor of the employee. Ante at 233. Construing the statute to find that claims are within its ambit should be in the interest of employers as well as employees; it prevents costly tort actions and provides methods of encouraging employees who recover from injuries to seek suitable employment. The majority treats the wdca as a boon to employees and a scourge to employers, but that is not and never was intended to be the case.
*245 Moreover, the majority implies that use of the liberal construction rule would open the floodgates to increased employer liability. However, the implication disregards the fact that liberal construction of the WDCA, and not the approach it announced today, is the established law. I do not advocate a change in the law. On the contrary, I seek to maintain the approach to interpretation of the WDCA that has existed for the past seventy years. If the liberal construction rule opens the floodgates, then they were opened a very long time ago.
III. CONCLUSION
In my judgment, this decision implicates much more than the majority is willing to admit. It will be viewed by many in the area of worker’s compensation law as a crippling blow to the liberal construction rule. It will be cited for the proposition that the rule cannot be applied in deciding whether an alleged injury was work-related or even whether it constitutes an injury at all.
No matter how the majority spins it, this decision shakes the foundations of established worker’s compensation jurisprudence. Past case law does not establish that pain alone is never sufficient to prove a personal injury, but the majority so holds today. Michigan courts have historically applied the liberal construction rule to the question whether an injury is work-related, but today the majority holds this illogical. All these conclusions are drawn not from precedent and not from the WDCA itself. They come unmistakably from this majority’s conclusion that it knows better than the jurists who have decided these cases for the last seventy years.
*246 The majority’s decision represents a serious departure from established law and a disavowal of established public policy. These changes are seriously ill-conceived. I would affirm the decisions of the Court of Appeals, the wcac, and the magistrate.
Cavanagh, J., concurred with Kelly, J.

 Ante at 225.

 For instance, the McKissack Court held:
Clearly there is a difference between pain resulting from “illness or disease not caused or aggravated” by the work or working conditions, and pain resulting from a work-related injury. As indicated in Kostamo, worker’s compensation benefits may not be awarded simply because a worker is unable by reason of pain to continue with the work if the cause of the pain is illness or disease not caused or aggravated by the work or working conditions. But contrariwise, if the wcab finds that pain is caused or aggravated by a work-related injury, and the worker cannot by reason of pain resulting from the injury continue to work, the wcab can find that the worker is disabled and award benefits. [McKissack, supra at 67 (emphasis in original).]
Thus, the Court focused on causation, not on the difference between symptoms and injuries. Nowhere does the Court state that pain alone can *239 not establish a personal injury; instead, it concludes that pain not caused by a work-related injury is not compensable.

 The act also uses the term “personal injury” at MCL 418.301.

 See, e.g., Hagerman v Gencorp Automotive, 457 Mich 720, 739; 579 NW2d 347 (1998); Derr v Murphy Motor Freight Lines, 452 Mich 375, 388; 550 NW2d 759 (1996); Sobotka v Chrysler Corp (After Remand), 447 Mich 1, 20 n 18; 523 NW2d 454 (1994); (opinion by Boyle, J.) Paschke v Retool Industries, 445 Mich 502, 511; 519 NW2d 441 (1994); Bower v Whitehall Leather Co, 412 Mich 172, 191; 312 NW2d 640 (1981); Century Indemnity Co v Schmick, 351 Mich 622, 626; 88 NW2d 622 (1958); Lindsey v Loebel, 265 Mich 242, 245; 251 NW 338 (1933) (Weadock, J., concurring); McCaul v Modem Tile & Carpet, Inc, 248 Mich App 610, 619; 640 NW2d 589 (2001); James v Commercial Carriers, Inc, 230 Mich App 533, 539; 583 NW2d 913 (1998); Tulppo v Ontonagon Co, 207 Mich App 278, 283; 523 NW2d 883 (1994); Isom v Limitorque Corp, 193 Mich App 518, 522-523; 484 NW2d 716 (1992); Andriacchi v Cleveland Cliffs Iron Co, 174 Mich App 600, 606; 436 NW2d 707 (1989); Grvss v Great Atlantic & Pacific Tea Co, 87 Mich App 448, 450; 274 NW2d 817 (1978); Welch v Westran Corp, 45 Mich App 1, 5; 205 NW2d 828 (1973), aff'd 395 Mich 169; 235 NW2d 545 (1975).

 Obviously, the personal injury must have some relation to employment for the wdca to apply. However, the majority’s “threshold" question, *242 whether the injury is “medically distinguishable” for purposes of determining whether it is “an injury arising out of and in the course of employment,” is not implicated at the jurisdictional stage of the proceedings. If the majority were to define “work-related” in a broad sense, I might conclude that MCL 418.131 and MCL 418.301 were coextensive. It is the majority’s narrow construction of § 301 that leads me to rely on the differences in the two provisions. The point, and, implicitly, the basis of my entire disagreement with the majority, is that “work-related” can, and should, be construed to include more than the majority would allow.

 The majority is unable to refer us to authority for the proposition that the liberal construction rule should not be applied to determine whether an injury is “work-related.” Its conclusion is based on its own analysis, not on precedent.

 Lindsey v Loebel, supra.

 Nor do I find the fact that the Legislature has referenced liberal construction only once in the wdca should discourage its use. The text of a statute often does not indicate what construction is appropriate to it. For example, the text of the governmental tort liability act (gtla), MCL 691.1401 et seq., does not require a “narrow” interpretation of its exceptions. Courts have determined that they are construed narrowly. The majority has shown no difficulty accepting this judicially constructed principle. The “narrow construction” of the GTLA’s exceptions resulted from judicial examination of the intent surrounding the act. A similar analysis was employed to find that the liberal construction rule should be applied to the wdca. Reardon v Dep’t of Mental Health, 430 Mich 398, 406-413; 424 NW2d 248 (1988).